### C. A. KESSLER V. FIRST NATIONAL BANK OF YOAKUM.

Decided April 13, 1899.

**1.  Pleading—Partnership.**

A partnership between defendants as to third persons is not sufficiently pleaded by a petition which does not expressly allege a partnership, but avers that they conducted the business under the name of one of them and shared in the profits and losses arising therefrom.

**2.  Same.**

A petition to put defendants upon their denial of a partnership between them ought to be reasonably sufficient by its averments, when interpreted according to their plain and natural import, to apprise the defendants that a partnership and a partnership liability are charged; and such facts should not be left to inference from separate averments.

**3.  Same—Surprise—Postponement.**

Defendants' motion for leave to withdraw their announcement of ready and to amend their answer by denying a partnership between them, should be granted, where the averments as to the partnership in the petition, though sufficient when critically construed, are not so drawn as to challenge the defendants' attention to the matter.

APPEAL from De Witt.  Tried below before Hon. JAMES C. WILSON.

*Kleberg, Grimes, Baker & Leonard,* for appellant.

*Proctors, Price, Green & Green,* and *Davidson, Pleasants & Schleicher,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—The judgment from which this appeal is taken was rendered in favor of appellee against A. G. Wangemann and appellant Kessler, for money advanced to Wangemann, both being held liable on the ground that they were partners in a mercantile and cotton business at the time such advancements were made.   The principal reasons urged for the reversal of the judgment are errors in the rulings of the court during the trial, holding that the petition alleged a partnership, and refusing to the defendants, thereupon, leave to withdraw their announcement of readiness for trial, and to file a plea under oath denying the existence of partnership.

The record properly shows that before the parties announced themselves ready for trial a general demurrer to the petition was argued by counsel for appellant Kessler, with the contention that it alleged no cause of action against him, no reference being made in this argument to any supposed averment of a partnership between the two defendants.   The demurrer having been overruled, and defendants having filed an amendment to their answer alleging facts constituting a defense, on Kessler's part, to all of the matters set up in the petition, unless there was an allegation of partnership, the parties announced ready and the trial proceeded before a jury.   While evidence was being taken, certain questions put to plaintiff's witness by counsel for appellant were objected to by plaintiff on the ground that the evidence sought to be elicited was irrele-

vant, because the defendants were alleged to have been partners when the debt sued for was created, and to have incurred it as such, and, as there was no denial of such partnership under oath, testimony must be restricted to the questions, whether or not the account sued on was correct, and whether or not the money was advanced to Wangemann for use in the business alleged to have been conducted by the partnership, or in other words, for purposes of the alleged partnership. The court sustained this objection and throughout the trial restricted the evidence to the two issues mentioned, and excluded evidence offered by defendants to disprove the allegations in the petition charging liability on the part of Kessler for the money. When the court held that the petition sufficiently alleged partnership, defendants promptly, both orally and in writing, stated that they had been misled and deceived by the allegations of the petition, and were surprised by the ruling of the court upon such allegations, and asked leave to withdraw their announcement and to file a sworn denial of partnership, attaching such denial to their motion. This was refused by the court and the trial was proceeded with, defendants not being allowed, although they offered to do so, to controvert their liability except as above indicated. In their motion for a new trial defendants brought in review the matters stated, and sought another trial on the ground that they had been surprised by the state of the pleadings and the ruling of the court thereon, and that injustice had been done them. The record shows conclusively that the judgment against Kessler is based solely upon the assumption of the alleged partnership.

The court below, in allowing the bill of exceptions taken to his ruling, states as his reasons for refusing to defendants leave to withdraw announcement and amend pleadings, in substance, that the petition had been on file and its contents known to defendants since December 4, 1897, while the trial was in June, 1898; the facts as to partnership were as well known to defendants before as after the trial; the filing of a sworn denial would have introduced a new issue; the amendment was not necessary to the ends of justice, there being no meritorious defense shown, and the court not believing that there was any, because the court had just tried another case involving the failure of Wangemann, in which he had made a transfer of his property to Kessler as alleged in the petition in this case, and the court believed such transfer was made to defraud creditors; that while the issue of partnership was not involved in the other case, there were many circumstances tending to show its existence.

The petition in the case covers with its allegations twenty-four pages of the transcript. On the twentieth page occurs this paragraph: "Plaintiff further alleges, that at the time of the creation of the debt herein sued on said cotton and mercantile businesses were conducted by defendants under the name of said Wangemann, and they both shared in the profits and losses of said businesses."

This is the part which was held to allege a partnership. The portions of the petition preceding it contain elaborate allegations by which it is sought to charge Kessler with liability for money advanced to Wange-

mann with which to buy cotton, by reason of his having introduced Wangemann to plaintiff and vouched for his solvency and reliability; of the existence of an understanding, custom, and course of dealing by which Wangcman was to devote the money advanced to the purchase of cotton, which was to be sold, and the proceeds as realized turned over to plaintiff; of the fact that Wangemann had fraudulently overdrawn his account to the amount of about $12,000, purchased 200 bales of cotton with part of it, and used the balance; and of the fact that Wangemann had then conveyed the cotton, as well as all his other property, to Kessler for the purpose of defrauding·plaintiff, knowledge on Kessler's part of all these facts being averred. Under these facts plaintiff claimed that the cotton was charged with a lien or trust in its favor, and that Kessler, under all of the facts alleged, should be held liable. The parts of the petition following the paragraph above set out also seek to charge Kessler with liability for the money alleged to have been obtained by Wangemann upon elaborate allegations of fraud and deception practiced by them. There is nowhere in the petition, except in the paragraph quoted, a suggestion of the existence of a partnership, or the extension of credit to a partnership, or the advancing of money to Wangemann upon Kessler's credit, beyond the allegation of the advancement to Wangemann on faith of Kessler's recommendation of him. We should state further that the allegations of the first part of the petition show that for several years and during the period in which the indebtedness in question was created, Wangemann was engaged in the mercantile and cotton-buying business, and that plaintiff advanced him the money for use in the latter.

The first question which arises is whether or not the petition alleges the existence of a partnership between Wangemann and Kessler. There is nowhere a direct allegation that they were partners or members of a firm. It is charged that they conducted the business under the name of Wangemann and shared in the profits and losses arising. To constitute a partnership, an agreement, express or implied, is essential. There is here no positive allegation of the existence of such agreement. The averment that they shared the profits and losses might be true without the existence of an agreement or understanding by which they became partners. Such sharing might take place without any agreement or partnership. The allegation is undoubtedly defective in that it fails to allege directly and positively the existence of the partnership or, otherwise, all of the facts essential to constitute it. The fact stated, if proven, would be sufficient, prima facie, to raise an inference of the existence of the partnership, because from them the agreement would be inferred. But, in pleading, the fact to be established should be directly averred and not merely suggested as an inference from other facts stated. Such pleading is especially bad when the essential fact not stated is not necessarily to be inferred from those which are stated.

Another objection to the petition is that, it does not positively and directly aver a partnership liability. If the partnership were sufficiently averred, the other facts might be collated from different parts of the

voluminous pleàding; but it is only in this way`that a case against the partnership can be deduced from it.    There being no allegation of extension of credit to a partnership, or to Wangemann and Kessler jointly, such fact is to be learned only by inference from the allegation that the money was furnished to Wangemann for use in the cotton business.    But that allegation is found only in connection with others showing extension of credit to Wangemann and seeking to hold Kessler responsible on account of facts other than partnership.    A defendant, when called upon to answer a petition, ought not to be expected to take alleged facts out of their natural and stated connection, and, at his peril, to make every possible combination of which they are susceptible, but which the form and substance of the allegations do not naturally suggest.    The facts upon which the plaintiff relies to show his right should be plainly, simply, and directly stated.    Railway v. Bayliss, 62 Texas, 573.

It might be conceded, for the purposes of this case, that all of the facts essential to show that the defendants were partners and were liable as such can be gleaned from the petition; but it must also be conceded, we think, that they are stated in an unusual and disconnected manner, and in language not generally employed in such pleadings for such purposes. Upon reading the petition its allegations do not plainly and naturally suggest to the mind the idea that a partnership is alleged, but rather tend to lead it away from such conception.

It may be that a petition which only alleged a partnership, as does the paragraph above quoted, but which, in connection with it, alleged other facts to show a partnership liability, and prayed for the appropriate judgment, would be held sufficient on general demurrer, or to support a judgment, as well as to require a denial under oath.    But this petition must be considered as a whole, and is not, we think, so constructed as to give to defendants that direct and unequivocal notice of the purpose to hold them as partners which is essential to impose upon them the burden of denying under oath the fact of partnership.    In order to have such effect the petition ought certainly to be reasonably sufficient by its averments, when interpreted according to their plain and natural import, to apprise defendant of the fact that a partnership is charged.    This one does not, in our opinion, meet this requirement.    It was calculated to mislead and did mislead the defendants.    But if it were assumed that the petition, when properly construed after a critical examination of all its allegations, was sufficient to charge partnership, still we think the court should have granted such relief to appellant as would have enabled him to obtain a hearing upon the defenses which he sought to make.    By the ruling made he was cut off from this.    If this resulted from an error of his counsel which was inexcusable he has no just cause of complaint. But we think it can not be said that the oversight was an inexcusable or unnatural one.    It was a consequence very likely to result from the character of the petition.    The fact that the filing of the proposed plea would have introduced a new issue was not an insuperable objection. The case could have been delayed or continued to give all parties proper

opportunity to prepare to meet the issue raised. The statute on the subject of amendment of pleadings does not prohibit such a course. The court has full power to set aside announcements for trial and grant continuances, or new trials, when a party has been deprived of a proper hearing of his defenses by an unforseen condition arising without his fault. One or the other of these things should, we think, have been done here. Nor is the fact that the defendants, before announcing, knew the facts as to partnership an answer. They did not know that a partnership was claimed; nor can it be said that justice has been attained, for Kessler has not been heard upon any of the defenses which he sought, both by pleadings and the offer of evidence, to make. The facts shown in the other case referred to can not be employed to support this judgment, even if they were sufficient for that purpose.

Since the petition was not such as to naturally call defendants' attention to the effort to hold them as partners, and since they were in fact misled and surprised thereby, and Kessler was deprived of a hearing upon the facts alleged against him, we think the court should have allowed the withdrawal of announcement and the amendment of pleading, and have made such orders for the continuance or further trial of the case as fairness to both parties demanded; and, having refused to do this, should have granted a new trial.

Reversed and remanded.

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.