## W. W. HOLLAND v. WESTERN BANK & TRUST COMPANY ET AL.

### Decided March 3, June 9, 1909.

**1.—Rescission—Damages—Election of Remedy.**

One who elects to rescind a contract for the sale of property because obtained by fraud, is precluded by that course from maintaining action for the difference between the actual value of the property and its value as represented to him, as damages occasioned to him by defendant's fraud, but he is not precluded by his suit for rescission from the recovery of such damages as are essential to accomplish full justice, such as expenses incurred by him in attempting to utilize the property before he discovered the fraud.

SUPPLEMENTAL OPINION.

**2.—Reversal—Rendition or Remand—Limitation.**

Where the trial court, by sustaining a plea in abatement, erred in denying plaintiff's right to recover certain damages, it was not proper to affirm its judgment on the ground that such claim, as pleaded, was subject to limitation, and that an exception to the petition on that ground, not ruled on by the trial court, was well taken. Appellant should not be deprived, by the affirmance of the judgment on such grounds, of his right to amend his petition if the exception should be sustained.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*W. W. Holland, Jr.,* and *Bailey, Woods & Morehead,* for appellant. —If any special damages have been sustained, so that the party defrauded is damaged notwithstanding the rescission, his rescission of the contract will not bar a recovery of such special damages. Not being able to find a Texas case exactly in point we cite: Atlanta, etc., Ry. Co. v. Hodnett, 29 Ga., 461; Nash v. Minnesota Title Ins. Co., 163 Mass., 574, 47 Am. St. Rep., 489; Warren v. Cole, 15 Mich., 255; Lenox v. Fuller, 39 Mich., 268; Griffith v. Strand, 19 Wash., 686. Full relief for fraud is upheld in Wintz v. Morrison, 17 Texas, 372; Greenwood v. Pierce, 58 Texas, 130, and Routh v. Caron, 64 Texas, 289.

*Z. I. Harlan,* for appellees.—On the facts set up in his petition, appellant could pursue either one of two remedies; he could either rescind or sue for damages, but he did not pursue both remedies. He must elect between remedies, and having first elected to rescind and sued for that relief, he could not at the same time prosecute another action for damages growing out of the same contract which he was suing to rescind. Ward v. Green, 88 Texas, 182; Blythe v. Speaks, 23 Texas, 429; Hamilton v. Ward, 4 Texas, 365; Allen v. Willis, 65 Texas, 71-72; Stuart v. Hayden, 169 U. S., 1.

"A party defrauded in a contract has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind the contract and return the thing bought, and recover back what he paid. Blythe v. Speake, 23 Texas, 437; Scalf v. Thompkins, 61 Texas, 481; Mills v. Johnson, 3 Texas Civ. App., 360; Aultman v. Hefner, 67 Texas, 60. But he can not have both remedies: Yeomans v. Bell, 151 N. Y., 230; Sutherland on Damages (3d ed.), par. 1174, p. 3415; Rev. Stats., art. 1264, par. 4. He must elect between remedies, and if he fails in the one elected he is remediless: Ward v. Green, 88 Texas, 182; Hamilton v. Ward, 4 Texas, 365; Allen v. Willis, 65 Texas, 72. And an election once made between coexisting remedial rights is irrevocable and conclusive, irrespective of intent, and constitutes a complete bar to any other action, suit or proceeding based upon remedial rights growing out of the same transaction, inconsistent with that asserted by the election: 15 Cyc., 262-263; Parker v. Bank, 11 Texas Civ. App., 706; McWilliams v. Thomas, 74 S. W., 596. As where a vendor brings suit to recover the price for goods sold, he ratifies the sale and can not afterwards by another suit, or by amendment in the same suit, elect to rescind the sale and recover the goods for fraud by the vendee; Allen v. Willis, 65 Texas, 71-72; Wachsmuth v. Sims, 32 S. W., 821; Bauman v. Jaffrey, 6 Texas Civ. App., 489. And it is not necessary that the two suits be pending in the same court: Davidson v. Jefferson, 68 S. W., 522. Early, in Texas, the rule was established that a litigant could not found a claim for damages on a contract which he chose to rescind: Haldeman v. Chambers, 19 Texas, 52.

Where the petition discloses a case barred by limitation, and the record shows that limitation is pleaded, there could be no recovery if the case were remanded, and the error, if any, in sustaining a plea in abatement and dismissing such a suit is harmless, for which the case will not be reversed on appeal. Shirley v. Waco Tap Ry. Co., 78 Texas, 145; McLane v. Belvin, 47 Texas, 502; Texas & P. Ry. Co. v. Caples, 36 S. W., 517; Davis v. Houston, E. & W. T. Ry. Co., 68 S. W., 735; Newton v. Emerson, 66 Texas, 147; Dwyer v. Rippetoe, 72 Texas, 539.

KEY, Associate Justice.—W. W. Holland brought this suit against the Western Bank & Trust Company, Fred Flemming and Guy M. Gibson, seeking to recover damages. He alleged in his petition that the defendants entered into a conspiracy for the purpose of cheating and swindling him, by inducing him, by means of false and fraudulent representations, to purchase certain lands in the Republic of Mexico.

It is not necessary to set out the details of the petition. It not only alleged that there was a material difference in the actual value of the land and its value as represented by the defendants, but it was also alleged in the petition that, relying upon the false representations therein set out, and believing the statements therein to be true, the plaintiff had incurred certain expenses in attempting to utilize the land before he discovered the falsity of the statements referred to, and such items of expenditure were sought to be recovered as special damages.

The defendants interposed a plea in abatement in due form, setting forth, in substance, that in another suit the plaintiff filed a plea asking for a rescission of the contract upon the same grounds of fraud alleged in this case. The trial court sustained that plea and Holland has appealed, and that ruling is the only question presented for decision.

The court below held that the suit for rescission constituted an election to pursue that remedy, and estopped Holland from maintaining an action for damages. It is sometimes said that when a contract is procured by fraud the defrauded party has his choice of two remedies, one being rescission and the other damages, and that he can not assert both. That statement is too broad, and the restriction stated has no application, and should not be made, when both rescission and damages are necessary to make the defrauded party whole. For instance, in this case, the plaintiff had the right either to disaffirm and rescind the contract, or affirm it and sue for the difference in the value of the land as fraudulently represented and as actually existed, but he was not entitled to both these remedies, and his action for rescission cut him off from the right to maintain an action for the difference in the value of the land. But his petition went further, and alleged that on account of the fraudulent conduct referred to he had been induced to incur certain expenses in attempting to utilize the land. If the consideration paid by the plaintiff for the land be refunded to him, or his obligations for the purchase money be canceled, of course, it would not be fair and just to allow him damages on account of any difference in the value of the land. In that regard, and in so far as that phase of the case in concerned, cancellation will make him whole; but not so as to the special damages sought to be recovered. Restoring to him the consideration paid for the land would not restore to him the money which he alleges he expended in attempting to utilize the property. Rescission is an equitable remedy; complete and full justice is a fundamental doctrine of equity jurisprudence, and if damages as well as rescission are essential to accomplish full justice, they will both be allowed.

Of the cases cited by the respective attorneys in this case, Wintz v. Morrison, 17 Texas, 372, is nearest in point, and that suit was based and sustained upon the doctrine just announced.

The plea in abatement does not show that the suit for rescission was prosecuted to final judgment, or that it is still pending, and therefore it does not present either the question of res adjudicata or the question of pendency of another suit involving the same cause of action.

Our conclusion is that, as to the special damages, the court erred in

sustaining the plea in abatement, and for that error the judgment is reversed and the cause remanded.

## SUPPLEMENTAL OPINION.

The appeal in this case presented but one question for decision, and that was the correctness of the ruling of the trial court in sustaining a plea in abatement. This court held that the trial court committed error in that respect, and the case was reversed and remanded. Appellees filed a motion for rehearing, in which it was contended, among other things, that the judgment should be affirmed for the reason that the plaintiff's petition showed on its face that his cause of action was barred by limitation, and the petition was excepted to for that reason. We overruled the motion for rehearing without filing any additional opinion; and in a second motion for rehearing appellees complain that our action in overruling the former motion will be construed as deciding the question of limitation in appellant's favor, and this is written for the purpose of stating that such construction should not be placed upon our action in overruling the motion for rehearing.

In considering that motion this court thought and still thinks that it would not be proper to affirm the judgment of the District Court on the ground that an exception to the plaintiff's petition, which was not ruled on by the trial court, was well taken and ought to have been sustained. The court below did not reach the question of limitation and if it had done so, and sustained appellees' exception to appellant's petition, it may be that the latter could have been so amended as to avoid the plea of limitation; and for that reason it would not be proper for this court to affirm the judgment and thereby deprive appellant of the right to amend his petition.

This explanation should render it clear that this court has decided only the one question presented by the appeal, and has not expressed or intimated any opinion as to how any other question which may hereafter be presented to the trial court should be decided by that court.

*Reversed and remanded.*

Associate Justice Rice did not sit in this case.