FT. WORTH & R. G. RY. CO. v. MATHEWS et al. (No. 5381.)

(Court of Civil Appeals of Texas. Austin. June 10, 1914. Rehearing Denied Oct. 21, 1914.)

1. COURTS (§ 169*)—COUNTY COURT—JURISDICTION—AMOUNT INVOLVED—INTEREST.

Where a shipment of cattle was, through defendants' negligence, damaged to the amount of $970, the shipper immediately upon the injury became entitled to 6 per cent. interest on that amount, as compensation for withholding the money to which he was entitled. Hence, after the lapse of more than a year, the shipper's cause of action was for a sum in excess of $1,000, and the county court was without jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. COURTS (§ 169*)—TEXAS—COUNTY COURT—JURISDICTION.

Where plaintiffs' cause of action was in excess of $1,000, the county court is without jurisdiction, even though plaintiffs prayed judgment for a sum slightly less than $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

3. APPEAL AND ERROR (§ 1166*)—DISMISSAL —GROUNDS—WANT OF JURISDICTION.

Upon appeal from a judgment of the county court which was without jurisdiction, the appeal will not be dismissed, but the cause will be reversed and remanded to enable that tribunal to dismiss the action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4527–4530, Dec. Dig. § 1166.*]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by Will Mathews and others against the Ft. Worth & Rio Grande Railroad Company and another. From a judgment for plaintiffs, defendant named appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue, of Houston, and Snodgrass & Dibrell, of Coleman, and Lockett & Rowe, of Ft. Worth, for appellant. Woodward & Baker, of Coleman, for appellees.

KEY, C. J. We copy from appellant's brief the following substantially correct statement of the nature and result of this suit:

"This is an action instituted by appellees against appellant, Ft. Worth & Rio Grande Railway Company, and Gulf, Colorado & Santa Fé Railway Company, for alleged damages by bad handling en route, to a shipment of cattle moving from Coleman, Tex., on the line of the Gulf Colorado & Santa Fé Railway Company, to Brady, Tex., on the line of appellant railway company Appellees filed their original petition in this cause on February 9, 1910, and alleged therein various acts of negligence against this appellant and its codefendant, alleged by them to have occurred on March 18, 1909, and they further aver that, by reason of the acts of negligence set out by them, they were damaged in the aggregate sum of $980, for which amount they pray for judgment, as well as for costs of suit. On April 2, 1913, appellees filed their first amended original petition, alleging substantially the same acts of negligence as were set out in their original petition. They further allege that the various acts of negligence charged against appellant occurred on March 18, 1909, and that they suffered damages by reason thereof in the aggregate sum of $977. They conclude said pleading with the prayer that they have judgment for 'the said sum of $977 as damages, without interest, judgment for costs and for general and special relief.' A trial of said cause resulted in a verdict and judgment in favor of defendant Gulf, Colorado & Santa Fé Railway Company and against appellant for $950, with interest from September 16, 1913, at 6 per cent. per annum and costs of suit. A motion for new trial was duly presented by appellant Ft. Worth & Rio Grande Railway Company, in the court below, and same was by the court overruled. Thereupon appellant perfected its appeal to this court."

[1, 2] The first three assignments of error deal with the question of the jurisdiction of the trial court over the subject-matter, the contention being that as the jurisdiction of the county court is limited to $1,000, exclusive of interest, the plaintiffs' petition showed on its face that the court was without jurisdiction. In other words, counsel for appellant contend, and we sustain the contention, that the petition shows on its face that the subject-matter was of the value of more than $1,000. The plaintiffs sued for damages to a certain shipment of live stock and for $7 worth of hay. According to the petition the live stock was damaged in their market value in the sum of $970, which damage, it was alleged, occurred on the 18th day of March, 1909. The plaintiffs' original petition was filed February 9, 1910. It is well settled by the decisions of our Supreme Court that if the plaintiffs had any cause of action they were not only entitled to recover for the injury done to their property, but were also entitled to recover 6 per cent. on the amount of such damages from the time that the injury was inflicted, not as interest eo nomini, but as compensation for withholding the sum of money they were entitled to recover as soon as the injury was inflicted; and at the time the suit was brought the 6 per cent. referred to brought the total amount of the plaintiffs' cause of action up to a sum considerably in excess of $1,000; and, this being true, the county court was without jurisdiction to try the case. That identical point was decided by our Supreme Court in Schulz v. Tessman & Bro., 92 Tex. 488, 49 S. W. 1031, and we feel compelled to follow that decision. The plaintiffs' cause of action being in excess of $1,000, it is immaterial that they prayed for judgment for only $997. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294.

[3] With perhaps a few exceptions, it has been the general practice of this court, when it ascertained that the trial court had no jurisdiction of the subject-matter, to dismiss the appeal, for the reason that the jurisdiction of this court is limited to cases of which trial courts have jurisdiction. However, in

Pecos & N. T. Ry. Co. v. Canyon Coal Co., supra, the Supreme Court seems to disapprove that practice, and, in deference to the views of that court, the judgment of the trial court in this case will be reversed and the case remanded with instructions to that court to dismiss the case.

Reversed and remanded.