JEANS et al. v. LIQUID CARBONIC CO.
(No. 5394.)

(Court of Civil Appeals of Texas. Austin. Oct. 28, 1914. Rehearing Denied Feb. 3, 1915.)

1. JUSTICES OF THE PEACE ☞43—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the suit was for conversion of a soda fountain, alleged to be worth $350, the justice court was without jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 75, 149–156; Dec. Dig. ☞43.]

2. JUSTICES OF THE PEACE ☞43—JURISDICTION—AMOUNT IN CONTROVERSY—INTEREST.

The justice court has no jurisdiction, where the sum claimed as damages was less than $200, where the interest since the conversion, for which suit was brought, carried the total amount sued for over $200, since interest by way of damages for a tort must be included in determining amounts in controversy for purposes of jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 75, 149–156; Dec. Dig. ☞43.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by J. P. Jeans and others against the Liquid Carbonic Company. Judgment for defendant, and plaintiffs appeal. Reversed, with instructions to dismiss.

James E. Yeager, of Waco, for appellants. H. P. Jordan, Howard D. McElroy, and R. L. Neal, all of Waco, for appellee.

JENKINS, J. Appellants brought suit in justice court for damages for the alleged conversion by appellee of a soda fountain, alleging that he was the owner of same; that it was of the value of $350; and that it was unlawfully converted by appellee to its own use on March 15, 1913, by reason of which appellee did "then and there damage plaintiff (appellant) in the reasonable sum and value thereof to the amount of $199.50, together with legal interest from March 15, 1913." Suit was filed July 7, 1913. Judgment was rendered in justice court in favor of appellant for $95.60. Upon appeal to the county court judgment was rendered in favor of appellee, from which judgment this appeal is prosecuted.

[1] The justice court was without jurisdiction to try this case, inasmuch as appellant's (plaintiff's) petition, which was in writing, shows that the amount in controversy was $350, the alleged value of the soda fountain, with interest from date of conversion. Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294.

[2] Beside this, plaintiff (appellant) prayed for $199.50, with legal interest on the same from March 15th to July 7th. This was an amount exceeding $200. Railway Co. v. Mathews, 169 S. W. 1052, not yet officially reported. Interest by way of damages for a tort must be taken into consideration in determining the amount in controversy. Railway Co. v. Rayzor, 125 S. W. 619; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1032; Railway Co. v. Faulkner, 118 S. W. 747; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163.

This case will be reversed, with instructions to the county court to dismiss the same; but, as appellant is responsible for this appeal, he will be taxed with cost of same.

Reversed, with instructions to dismiss.