NATIONAL NOVELTY IMPORT CO. v. DUNCAN. (No. 908.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1916. On Motion for Rehearing, Feb. 16, 1916.)

1. EVIDENCE ☞420—PAROL EVIDENCE—DELIVERY ON CONDITION.

In an action for goods sold and delivered on an order given by the buyer to a seller's salesman, parol evidence was admissible to show that the written order was not to be delivered to the seller to be filled within 30 days.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1728, 1795, 1800, 1804, 1815, 1821, 1929–1944; Dec. Dig. ☞420.]

2. PRINCIPAL AND AGENT ☞103—SALES ☞85—ORDER—VERBAL AGREEMENT OF SELLER'S SALESMAN—EFFECT.

On an order for the sale of goods to be shipped at the seller's earliest convenience, the ver-

bal agreement of the seller's salesman that the order should not be delivered to the seller within 30 days is binding upon the seller, and the contract is avoided by a violation of the agreement.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. ☞103; Sales, Cent. Dig. §§ 236–238; Dec. Dig. ☞85.]

On Motion for Rehearing.

3. SALES ☞387 — ACTION FOR PRICE — EVIDENCE.

In an action for goods sold and delivered, defended on the ground that the buyer's order for goods to be shipped at the seller's earliest convenience had been given to the seller's salesman on condition that it would not be put in within 30 days, the buyer's letter to the seller, omitting the terms of the contract, was for the jury on the question of his credibility as to making a contract upon a precedent condition of delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1108; Dec. Dig. ☞387.]

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by the National Novelty Import Company against W. E. Duncan. Judgment for defendant, and plaintiff appeals. Affirmed.

Hoover & Dial, of Canadian, for appellant. Chas. C. Cook, of Pampa, R. E. Underwood, of Amarillo, and P. R. Underwood, of Floydada, for appellee.

HENDRICKS, J. The appellant instituted suit against the appellee, for the sale and delivery of certain items of jewelry and upon the following order, signed by the appellee:

"National Novelty Import Company, St. Louis, Mo.—Gentlemen: Please ship at your earliest convenience f. o. b. St. Louis, goods above listed, on above terms, which we have carefully read and found satisfactory. We agree that no statements made by ourselves or the salesmen will be a part of this agreement, unless indorsed in writing on the original order. Positively no goods on commission or consignment. [Signed] W. E. Duncan, "Pampa, Texas."

[1] The defendant, Duncan, among other things, pleaded that it was agreed:

"That such order should not be delivered to plaintiff for the purpose of being filled prior to the expiration of such period of 30 days; and the said Smith agreed that if defendant would execute such purported order, that he would hold the same for such period of 30 days, and that, if within that period the defendant should decide that he did not desire to have such goods shipped, then, upon notifying plaintiff of his desire, such conditional order * * * should cease and terminate. * * *"

The plaintiff excepted to this pleading on the ground that the understanding and agreement was not alleged to be in writing, and, if true, could not be urged as a defense because the same would ingraft parol terms upon the written instrument, not contained therein, which exceptions were overruled by the court, and the action assigned as error.

It is also assigned, for the same reasons, that the trial court erred in permitting the defendant to testify:

"That he had an agreement with the agent of plaintiff that he would hold the order 30 days before the goods would be shipped out, * * *" etc.

Page on Contracts, vol. 2, § 1209, announces the rule applicable to this condition as follows:

"If the party against whom relief is sought, on a written contract concedes that the contract was placed in the possession of the adversary party, but claims that it was taken with the understanding that it was not to go into effect unless some other or further event should happen, and that such event has not happened, he is not seeking to vary or contradict the contract, but to show that no contract between the parties ever came into effect. Evidence of conditions precedent to the taking effect of a written contract is therefore admissible. This is simply the rule that an instrument may be delivered to the adversary party to take effect on the happening of a future event, restated in terms of the parol evidence rule."

In Parker v. Naylor, 151 S. W. 1103, this court said, citing numerous authorities:

"It is the settled law of this state that parol evidence is always admissible to show that a written contract was delivered, effective upon conditions."

[2] It is suggested that the statements and agreements, unless indorsed upon the back of the contract, if the contract is delivered to the plaintiff by the agent, though the delivery is conditional to the agent, the principal is not bound. The opinions in the cases of Merchants' National Bank v. McAnulty, 31 S. W. 1096, Commonwealth Bonding & Casualty Co. v. Bomar, 169 S. W. paragraph 3, page 1062, and U. S. Gypsum Co. v. Shields, 106 S. W. 726—at least the logic of those decisions without going into extended reasons—are convincing otherwise. The argument against the latter two will probably be that they are fraud cases. The contracts were similar to the one in this case and Justice Neil's argument is quite applicable. A contract upon a conditional delivery, if violated, is not controlled by such stipulations to reject the defense, any more than they could control fraud. Either would avoid the contract. Writs of error were denied in those cases.

There are no objections to the charge of the court brought forward in the brief and assigned as error. We have carefully considered appellant's authorities and think they are clearly distinguishable and inapplicable to the character of defense against the contract interposed in this record.

We overrule appellant's assignments and affirm the judgment.

On Motion for Rehearing.

Duncan testified:

"He [meaning the agent] said he wanted to carry the order and I told him I would write him a letter in care of the house at St. Louis, and he said they would file the letter up there. During the 30 days I had to decide, he [the agent] was to hold the order."

"The delivery to Smith [the agent] was in fact a mere manual transfer from the possession of

the maker to the possession of Smith. It was not, indeed, a 'delivery' within the meaning of the law." Bank v. McAnulty, 31 S. W. 1096.

The stipulations in a contract, whatever their nature, if the delivery to the agent is conditional, and there is no real delivery, are immaterial upon the immediate question. The case of Bybee v. Carriage Co., 135 S. W. 205, is not applicable to this condition. There is nothing to show, at least conclusively, that, as between Duncan and the agent, the agent was to file with, or forward to, his principal, this contract within 30 days.

[3] Duncan's letter to the company, omitting the terms of the contract, was for the jury on the question of his credibility as to the making of a contract upon a precedent condition of delivery. His actions, in finally taking the goods from the station house, looking the goods over and shipping them back, are not relied upon as waiver or ratification —at least in this court.

Motion overruled.

[1] It is the settled law of this state, held many times in the decisions of this court, that a statement of facts or bills of exceptions showing the testimony heard on such motion must be properly agreed to, approved by the trial judge, and filed in term time, and, if not, this court cannot consider it, but must, and does, presume that the action of the lower court was correct. Jones v. State, 163 S. W. 76; Graham v. State, 73 Tex. Cr. R. 28, 163 S. W. 726; Hoskins v. State, 73 Tex. Cr. R. 109, 163 S. W. 426; Forrester v. State, 73 Tex. Cr. R. 67, 163 S. W. 67; Roberts v. State, 180 S. W. 1080. Many other decisions

---

⟨KEY⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes