STREET et al. v. J. I. CASE THRESHING MACH. CO. (No. 1021.)

(Court of Civil Appeals of Texas. Amarillo. June 21, 1916. On Motion for Rehearing, Oct. 11, 1916.)

1. EVIDENCE ☞444(4) — PAROL EVIDENCE CONTRADICTING WRITING.
   In an action by the buyer of an engine to cancel notes given therefor, testimony that the engine was taken on trial, and, if not as represented with reference to its power to do certain work, was not to be accepted, that the order for it and the notes were left with the seller upon such agreement, and that the buyer was to accept the engine in writing if it did the work, was not inadmissible as contradicting the written order and notes.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929, 1930, 1940, 1941, 2049; Dec. Dig. ☞444(4).]

2. TRIAL ☞85—OBJECTIONS TO EVIDENCE—ADMISSIBILITY IN PART.
   Where part of a question and answer was admissible, and part inadmissible, the inadmissible part should have been segregated, and proper objection made thereto; otherwise objection thereto cannot be considered.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. ☞85.]

3. EVIDENCE ☞520—EXPERT OPINION — CAPACITY AND POWER OF ENGINE.
   In an action by the buyer of a gas engine to cancel purchase-money notes, opinion testimony of an expert as to the capacity and power of the engine, which was sold subject to trial and rejected, was admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2329; Dec. Dig. ☞520.]

4. SALES ☞168½(5), 182(1) — REJECTION — REASONABLE TIME.
   Where a chattel is sold subject to trial, the buyer must manifest dissatisfaction within a reasonable time, which is ordinarily a question of fact under the circumstances surrounding the parties.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 413, 419, 492; Dec. Dig. ☞168½(5), 182(1).]

5. SALES ☞285(1)—RELIANCE UPON WARRANTY—COMPLIANCE WITH TERMS.
   The buyer of an engine, seeking to cancel the purchase-money notes and relying upon a written warranty of the engine's power, must have complied with such warranty's terms relative to notice of rejection of the engine, unless alleging and proving waiver by the seller.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 806; Dec. Dig. ☞285(1).]

6. PLEADING ☞17 — DIRECT AVERMENT OF FACTS.
   In pleading, the facts to be established should be directly averred, and not merely suggested as an inference from other facts stated.
   [Ed. Note.—For other cases, see Pleading Cent. Dig. §§ 38, 41, 195, 350; Dec. Dig. ☞17.]

7. COURTS ☞475(1)—CONFLICTING JURISDICTION—PRIORITY.
   Two courts, having concurrent jurisdiction, will not, at the same time, entertain a suit between the same parties over the same subject-matter, but the court which first obtains jurisdiction will hold it to the exclusion of the other.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1229, 1247–1259; Dec. Dig. ☞475(1).]

On Motion for Rehearing.

8. APPEAL AND ERROR ☞1175(2)—DISPOSITION—DISMISSAL.
   The Court of Civil Appeals cannot dismiss the case, instead of reversing and remanding, upon sustaining appellee's cross-assignment that the trial court erred in not sustaining its plea of abatement on the ground of the pendency, in the district court of another county, of a suit between the same parties, involving the same subject-matter.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4574; Dec. Dig. ☞1175(2).]

9. APPEAL AND ERROR ☞1178(1)—DISPOSITION — LACK OF JURISDICTION — REVERSAL WITH REMAND.
   Even where the court below had no jurisdiction, it is the better practice on appeal to reverse and remand.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604–4610; Dec. Dig. ☞1178(1).]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. APPEAL AND ERROR ☞1175(2)—DISPOSI-TION—DISMISSAL.**

Where defendant's plea in abatement, on the ground of the pendency of another action, between the same parties, involving the same subject-matter, in the district court of another county, had attached to it a certified copy of the petition and answer in such district court, the Court of Appeals, sustaining the plea, has no power to render judgment dismissing the case, since a sworn plea of privilege is not prima facie evidence of the facts alleged, and other proof must be produced unless the facts are contained in plaintiffs' petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4574; Dec. Dig. ☞1175(2).]

**11. COSTS ☞55—COSTS AFTER SUSTAINING PLEA IN ABATEMENT.**

Where a case is abated in the district court upon hearing of defendant's plea in abatement after reversal and remand by the Court of Civil Appeals, on plaintiffs' appeal, the costs in the district court will be taxed against plaintiffs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 254; Dec. Dig. ☞55.]

Appeal from District Court, Potter County; Hugh L. Umphres, Judge.

Suit by W. G. Street and another against the J. I. Case Threshing Machine Company. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Reeder & Dooley, of Amarillo, for appellants. Kimbrough, Underwood & Jackson, of Amarillo, for appellee.

HUFF, C. J. W. G. Street and D. M. Creamer brought suit against appellee to cancel certain notes executed for a gas tractor engine, as well as a second series of notes given for a separator and to cancel the mortgages given to secure the above notes.

The appellants alleged that Street contracted to purchase the engine and executed the notes amounting to the sum of $2,000, three for $300 each and two for $400 each; that he agreed to purchase, relying upon representations and warranties that the engine was a 40 horse power engine, of good material, and durable; that he relied upon such representations and warranties; that at and before he executed the notes he notified the appellee of his purpose in purchasing the engine and that he would not purchase unless it had power for the work mentioned, and would successfully do it, and appellee repeated that the engine was a 40 horse power and would do the work successfully, and would pull plows sufficient in number to plow and turn a strip of land of the width of the engine, 10 inches deep; that the appellee, after being informed of the purposes for which the engine was desired and the plows to be used, represented that if Street would sign the order contract for the engine and the notes above mentioned, and leave them with the appellee, appellee would take the engine and plows out to the farm of D. M. Creamer, and demonstrate to Street that the engine had the power represented and, after proving that it was as represented, Street

could accept it in writing, and thereby conclude the contract of sale and purchase of the engine; that Street accepted this proposition and thereupon signed the order and notes and left them with appellee under the agreement that appellee was to demonstrate the engine would do the work represented and warranted before he was required to accept the engine; that D. M. Creamer, relying upon such representation and the facts above alleged, signed a guaranty contract. It is alleged the engine, after trial, did not have the power and would not do the work represented and after other trials on the part of appellee, and on the part of appellant, it would not do the work, and that he (Street) refused to accept the same. It is alleged, at some length, that there were repeated trials and promises to make the engine do the work, and appellee induced Street to retain possession of the engine under a promise to make it do the work, which several and numerous trials and times the engine disclosed its inability to do the work, and Street informed appellee he would not accept the engine and that he did not accept it, but retained the possession only for the purpose of giving appellee an opportunity to make it do the work represented; and finally, upon a total failure to make it do the work, the appellee instructed Street to deliver it back to appellee, which he did, and that appellee has it now in its possession. It is alleged substantially that the separator was purchased upon the condition that the engine would do the work and the notes therefor executed upon such conditions; or appellee was to furnish a new engine, which it never did. There is also a count setting up special damages, for which a recovery is sought. The prayer is to cancel both sets of notes and the mortgages, and for the damages.

The appellee answered by a plea in abatement, denials, and also to recover on the notes mentioned in plaintiff's petition, and for foreclosure of the mortgage lien.

The trial court submitted the case on special issues, but afterwards withdrew the case from the jury and instructed a verdict for the appellee.

[1] The first and second assignments present the action of the court in excluding the testimony of Street and Creamer, to the effect that the engine was taken on trial, and, if not as represented with reference to its power to do the work, Street was not to accept it, and that the order and the notes were left with appellee upon such agreement; that Street was to accept the engine in writing if it did the work.

We gather from the pleadings and the evidence offered it was the contention that the purchase and sale of the engine was not consummated and should not be until after trial, and if as represented Street should accept the engine in writing; and the orders and notes were left with appellee upon

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that condition. The order therefore did not become a binding contract between the parties until the engine was so accepted, and the notes were not obligations binding upon appellants. If the allegations of appellants are true, the contract of sale, as evidenced by the order and notes, never went into effect, and therefore was not the contract of the parties. This being true, the evidence on that issue should not have been excluded, as it would not be in its nature a contradiction of the written order and notes. It was simply offered to show that the order and notes were not executed under such circumstances as to become a binding contract. Wigmore on Evidence, §§ 2408, 2410; Watson v. Rice, 166 S. W. 106; Parker v. Naylor, 151 S. W. 1096; National Novelty Import Company v. Duncan, 182 S. W. 888.

Our Supreme Court recognized the application of the above rule to cases of this character in Holt v. Gordon, 174 S. W. 1097. The very question here at issue is decided in two Kentucky cases: J. I. Case Threshing Machine Co. v. Barnes, 133 Ky. 321, 117 S. W. 418, 19 Ann. Cas. 246; Wilson v. Nichols, 139 Ky. 506, 97 S. W. 18. In Seitz v. Brewers, 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, the Supreme Court of the United States said:

"Undoubtedly, the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them."

If the allegations and the offered evidence are true, the parties did not intend the writing to be a complete and final statement of the whole transaction; in other words, there was to be no sale or liability until Street should accept the engine in writing, and until that contingency there was no obligation imposed by the order or notes upon either party.

[2] By the third assignment complaint is made at the action of the court in permitting the question to and answer of Creamer, with reference to transferring his property to his son, to defeat any judgment which might be rendered on the guaranty sued upon. The answer of the witness shows no injury. Our view of this character of testimony is expressed in Taber v. Eyler, 162 S. W. 495; Hynes v. Winston, 40 S. W. 1025. A part of the question, and the answer, as set out under the bill, was proper, but part perhaps not permissible under the rule, as we understand it. The evidence admissible and that not admissible should have been segregated and the proper objection made to that not admissible; otherwise, the objection cannot be considered. Under the bill, no error is shown.

[3] The fourth assignment is overruled. This evidence objected to is in its nature the opinion of an expert. The fact that he referred to having seen other engines of like kind is, in its nature, a predicate, showing the qualification of the witness to testify as an expert. It does not appear to have been the purpose of the testimony to prove the power of other engines, and does not fall, in our judgment, under the excluding rule, which precludes evidence of what other like machines did; but, as we interpret the evidence, it is an opinion as to the capacity and power of the particular engine in question.

[4-6] The fifth assignment is sustained. Under the facts of this case, the trial court should not have instructed a verdict for the appellee. Aside from the evidence excluded as set out under the first and second assignment, there is testimony of the return of the engine to appellee under its direction and a rescission of the contract by the parties; or under the alleged agreement that Street should accept, by written acceptance, the engine as satisfactory, and according to the representation and warranties before there was a sale or contract. We think these issues are raised by the pleadings and the evidence. The allegations amount to an assertion that, before Street would be obligated to pay for the engine, he should have a right to try it and ascertain if it would come up to the representations and that his satisfaction and acceptance should be evidenced by a written acceptance. Where this is the case, he must manifest dissatisfaction in a reasonable time, which is, ordinarily, a question of fact, under the circumstances surrounding the parties. Mechem on Sales, §§ 665, 670, 671, and authorities cited in Cameron Steam Pump v. Lubbock, 167 S. W. 259, 260. The written contract or order in this case requires certain notices, etc., with reference to a failure of warranty. If the appellants were relying upon the written warranty, they would be required to comply with its terms unless they allege and prove a waiver on the part of appellee. It has been argued here that the pleadings amount to a plea of waiver. We are not prepared to agree with appellant in that contention. There are certain acts and facts alleged from which a waiver might be inferred, but this is not sufficient as a plea. In pleadings, the facts to be established should be directly averred, and not merely suggested as an inference from other facts stated. Kessler v. Bank, 21 Tex. Civ. App. 98, 51 S. W. 62.

[7] The case will be reversed for the reasons above stated. The appellee, however, presents a cross-assignment of error, to the effect that the trial court erred in not sustaining its plea of abatement. The petition in this case alleges a cause of action against appellee, as heretofore set out, and asks for a cancellation of the notes given on the engine and the separator and also for the cancellation of the mortgages given to secure the notes, as well as for damages. It is al-

leged in the plea of abatement that appellee brought suit against the appellants, Street and Creamer, in the district court of Dallas county, on the notes, and to foreclose the mortgages herein sought to be canceled; that the appellants here there filed their answer and cross-petition to cancel the notes and mortgages and to recover damages substantially on the same grounds as set up in this case; that the parties and subject-matter in the two suits are identical; that the suit in Dallas county district court was first filed; and that court first obtained jurisdiction. We believe if the facts alleged in the plea are proven the suit in Potter county should be abated. There is some apparent conflict in the authorities in this state upon this question; but we believe the rule is fairly well established by our courts that two courts having concurrent jurisdiction will not at the same time entertain a suit between the same parties over the same subject-matter, but the court first obtaining jurisdiction will hold it to the exclusion of the other. Cattlemen's Trust Co. v. Blasingame, 184 S. W. 574; Lumber Co. v. Williamson, 164 S. W. 440; Goggan v. Morrison, 163 S. W. 119; Sparks v. Bank, 168 S. W. 48; Blassingame v. Trust Co., 174 S. W. 900; Ruling Case Law, vol. 1, Abatement, §§ 1, 2.

The case will be reversed and remanded.

### On Motion for Rehearing.

[8, 9] The appellee calls our attention to an error in our statement of the pleadings in our opinion heretofore filed: That is, that appellee sought, by its answer in this case, "to recover on the notes mentioned in the plaintiff's petition, and for foreclosure of the mortgage lien." This statement is incorrect. We evidently in making the statement had before us the certified copy of the petition filed by appellee in the Dallas court, which was attached to the plea in abatement. The appellee, in its motion for rehearing, asks that we, instead of reversing and remanding the cause, sustain the plea in abatement and dismiss the case—we presume from the district court docket. This, as we understand the authorities, we could in no event do. If the judgment was void in the court a quo for want of jurisdiction, we, at most, could only dismiss the appeal. The judgment was not void, for the court

had jurisdiction of the subject-matter and the parties. All that would oust it of jurisdiction is there was pending a suit for the same matter in another tribunal of competent and concurrent jurisdiction. The case could be abated, if at all, on the grounds of comity, vexatious litigation, or multiplicity of suits, which would not oust the appellate court of jurisdiction on appeal. Even if the court below had no jurisdiction, it is suggested by the Supreme Court that it is the better practice to reverse and remand. Railway Co. v. Canyon, etc., 102 Tex. 478, 119 S. W. 294; Railway Co. v. Mathews, 169 S. W. 1052.

[10] The appellant contends, inasmuch as the plea in abatement had attached to it a certified copy of the petition and answer from the district court of Dallas county, that we here have the power to render judgment, dismissing the case. We find no bill of exception in the record showing that any evidence was introduced upon the plea in abatement or anything in the statement of facts or record showing such evidence. All that is in the record is the plea with its exhibits and the order of the court overruling the plea reciting that a hearing on the plea was had. A sworn plea of privilege is not prima facie evidence of the facts alleged, and other proof of the facts must be introduced unless the facts are contained in the plaintiff's petition. Ragland v. Guaranty Life Insurance Co., 157 S. W. 1187. If it should be held the exhibits to the plea—that is, the petition and answer—were in evidence, they, at most, only showed at a certain time the suit was instituted; this did not prove a then pending suit at the time this case was instituted, or at the trial. For aught that is shown in this record, the Dallas suit may have been abandoned or dismissed. Red Deer Oil, etc., v. Huggins, 155 S. W. 949; Holland v. Western Bank, 56 Tex. Civ. App. 324, 118 S. W. 218. We held only if the facts alleged in the plea are proven the case should be abated. The record in this case does not show such proof.

[11] The costs on this appeal are properly taxed against the appellee. If the case should be abated upon a hearing of the plea, the costs in the district court, of course, would be taxed against the appellant. Threatt v. Johnson, 156 S. W. 1137.

The motion is overruled.