## AMERICAN SLICING MACH. CO. v. VINCENT. (No. 2580.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1926.)

Evidence &#9683;&#8594;444(4)—Parol evidence that contract was not to become binding until condition fulfilled held admissible, where condition never occurred.

Parol evidence that written contract for sale of slicing machine was signed and delivered on condition that it should become effective only if buyer later advised seller to ship machines was admissible, where condition never occurred, and this though the contract provided that no verbal agreement should change it, and that there was no verbal understanding differing from the printed contract.

Appeal from Hale County Court; Meade F. Griffin, Judge.

Action by the American Slicing Machine Company against C. F. Vincent. Judgment for defendant, and plaintiff appeals. Affirmed.

Oxford & Oxford, of Plainview, for appellant.

Graham & Graham, of Plainview, for appellee.

JACKSON, J. The appellant, American Slicing Machine Company, an Illinois corporation, instituted this suit in the county court of Hale county against C. F. Vincent, the appellee, on a written contract or order for $325, the purchase price of one American slicing machine.

The appellant alleges the effect of the contract, and that by the terms thereof the appellee purchased from it the machine, and had defaulted in the payment of the purchase price, to its damage in the sum of $325, with 6 per cent. interest thereon. The contract is attached to appellant's petition as a part thereof, the provisions of which necessary to a disposition of this case, read as follows:

"Gentlemen: Please enter order for one American slicing machine, f. o. b. Indianapolis, Ind. Price prewar basis $325. The machine hereby ordered is purchased subject to a discount of 5 per cent. if the amount is paid in cash within 30 days from date of shipment. The said machine shall be the property of the American Slicing Machine Company until fully paid for by the undersigned. No verbal agreement can change or modify the conditions of this contract, and the undersigned states that there is no verbal or written understanding or agreement different from or other than the printed conditions of this contract. The undersigned also states that no machine of any other make nor any other article of trade or barter is to be received by the American Slicing Machine Company in payment or part payment of the purchase price of the American slicing machine herewith ordered. All payments must be made direct to the Chicago office. This machine is not purchased sub-

ject to trial. This order shall not be countermanded."

The appellee answered by demurrers, general denial, and specially pleaded that, before and at the time he signed the order for the machine, he advised the agent of appellant that he did not desire to buy a machine at that time, but was informed by said agent that the machines were advancing in price, and, if he would sign the order at that time, in the event he should later decide to take the machine he would save the advance in price, and that it was then and there agreed that the contract or order should not become effective and binding on appellee, or considered an order, nor should the machine be shipped, unless and until appellee should advise appellant to make the shipment, and that said machine should not be shipped, nor said order be binding on appellee, until he so advised appellant; that he had never ordered the machine, hence, said order and contract never became effective or binding on him, because the contract was signed and delivered on the condition that it should become effective only if appellee later advised appellant to ship the machine.

In response to the one special issue submitted by the court, the jury found that the agent of appellant agreed with appellee that the machine was not to be shipped unless ordered shipped by appellee, and upon this finding the court rendered judgment for appellee.

Appellant, by several assignments, urges as error the action of the trial court in overruling its exceptions to the defense pleaded by appellee, and in admitting the testimony in support of such defense, and in submitting such defense to the jury, all of which may be considered under the one proposition that parol evidence is not admissible to vary or contradict the plain terms of a written contract.

By a counter proposition, appellee contends that an oral agreement as to the time a written contract shall become effective does not vary or contradict the terms of such written contract, and the parol evidence is admissible to show that such written contract was delivered conditionally, and only to become effective on the performance of the condition stipulated in the oral agreement.

It is well settled that a written contract cannot be contradicted or varied by parol evidence of an oral agreement between the parties, made before or at the time of the execution of the written contract; but the rule is equally well settled that a written contract does not become a binding obligation until delivered, and, if the delivery is conditional, the written contract does not become a binding obligation until the condition upon which delivery depends has been fulfilled. National Novelty Import Co. v. Duncan (Tex. Civ. App.) 182 S. W. 888; Parker v. Naylor (Tex.

Civ. App.) 151 S. W. 1097; Street v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 188 S. W. 725; Id. (Tex. Civ. App.) 216 S. W. 427; Burke v. Richard H. Dulaney et al., 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; W. P. Ware v. Jas. H. Allen, 128 U. S. 590, 9 S. Ct. 174, 32 L. Ed. 563; 22 C. J. 1156, par. 1548.

The provisions of the written contract to the effect that no verbal agreement could change or modify it, that there was no verbal understanding different from the printed contract, and that the order should not be countermanded, do not show an unconditional delivery thereof, nor contravene the proposition that the contract was delivered upon a condition, and therefore never became binding, because these provisions would not control until the contract had become effective, and, under the record in this case, the condition upon which the contract was to become binding never occurred, and hence the contract and none of the provisions thereof became enforceable.

Finding no error in the record, the judgment is affirmed.