FINK et al. v. BROWN.   (No. 100–2934.)

(Commission of Appeals of Texas, Section A. Nov. 12, 1919.)

1. PARTNERSHIP ⬢⇒30—COMMUNITY OF INTEREST IN PROFITS.

It is sufficient to constitute a partnership that the parties are to have a community of interest in the profits as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Partnership.]

2. PARTNERSHIP ⬢⇒30—ACTUAL RELATION DETERMINES EXISTENCE OF FIRM.

In determining the question of whether a partnership exists, the actual relation consequent upon the engagement of the parties will be looked to, and as to creditors the court ordinarily will apply the doctrine that one who shares profits must also share liabilities, unless it appears the parties intended and constituted a different relation, in effect excluding that of partnership.

3. PARTNERSHIP ⬢⇒29 — DETERMINATION OF RELATION FROM CONTRACT ALONE.

Where a lease contract furnished the sole basis for ascertaining whether the relation of partnership existed between the lessor company and the lessee firm, it alone will be looked to to determine the question as to an injured employé, in the absence of facts constituting an estoppel in his favor.

4. CONTRACTS ⬢⇒162—NO PRESUMPTION ON SINGLE PROVISION AT VARIANCE WITH OTHERS.

One provision alone of a contract cannot be taken and a presumption raised upon it at variance with the effect of its other provisions.

5. PARTNERSHIP ⬢⇒44—PROFIT-SHARING STIPULATION PRESUMPTIVE EVIDENCE OF RELATION.

The profit-sharing stipulation of a contract, standing alone, is but presumptive evidence of a partnership relation between the parties.

6. PARTNERSHIP ⬢⇒32—LEASE CONTRACT WITH PROFIT-SHARING CLAUSE NOT CREATING RELATIONSHIP.

Contract, whereby corporation leased ice plant, land, machinery, and appurtenances, with tools, wagons, teams, etc., to a firm which agreed to share any net profit of more than $10,000 annually, *held* not to create a relation of partnership rendering the company liable for injuries to an employé of the firm.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by H. E. Brown against W. W. Fink and others. From judgment for plaintiff, defendants appealed to the Court of Civil Appeals, which affirmed (183 S. W. 46), and defendants bring error. Judgment of the Court of Civil Appeals reformed so as to affirm judgment of the trial court against two individual defendants only, and judgments of

---

⬢⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the trial court and Court of Civil Appeals reversed, and judgment rendered in favor of a corporate defendant, on recommendation of the Commission of Appeals.

Wallace & Gardner, Peyton F. Edwards, R. E. Thomason, and J. G. McGrady, all of El Paso, for plaintiffs in error.

F. G. Morris and Chas. Owen, both of El Paso, for defendant in error.

TAYLOR, J. Defendant in error, H. E. Brown, as plaintiff, sued the plaintiffs in error, El Paso Ice & Refrigerator Company, a corporation, and the firm of Fink & Smith, as defendants, for damages for personal injuries,' alleging a partnership between defendants. The ice company denied the partnership relation. The case was tried on special issues, except the issue of partnership, which was decided by the court as a matter of law against the ice company. The trial resulted in a verdict and judgment for plaintiff against both defendants, and the Court of Civil Appeals affirmed the judgment. 183 S. W. 46.

At the time of defendant in error's injury, the ice plant was being operated by Fink & Smith under a written lease contract, to which they, as lessees, and the ice company, as lessor, were the only parties. There was no pleading or evidence of any "holding out" of the ice company as a partner, or that the company acted in such manner as to create an estoppel against it to deny the alleged partnership. It is not claimed by the defendant in error that the ice company is liable, unless at the time he sustained his injuries the company and Fink & Smith were partners; and he asserts no other basis for the partnership than a net profit provision found in the twelfth paragraph of the lease contract.

The contract describes the property covered by the lease as consisting principally of land, machinery, and movable appurtenances necessarily connected with a fully equipped ice plant, such as tools, wagons, and teams, etc., all of which were delivered to the lessees. It provides for a lease term for three years, with an option on the part of the lessees for two years more. The annual rental stipulated is $10,000 per annum, and, in addition, 100 tons of ice and 20,000 gallons of water per year. The contract further provides that the lessees shall keep the leased property in good repair, and that at the end of the term they will deliver possession of the property in good condition to the lessor. In fact, the agreement has all of the formalities and requisites of a lease contract. Its provisions, other than a clause respecting a division of net profits in excess of $10,000, do not stipulate for the participation of the ice company with Fink & Smith in the ice business as a principal. The company reserved no control over the leased property,

and the only capacity in which it is named in the contract is as lessor of the ice plant. It is given no voice or authority in the conduct of the business, and it is not stipulated that it shall become liable for any losses or expenses that may be incurred by the lessees in its operation.

The net profit paragraph of the contract is as follows:

"12. The lessee further agrees to pay the franchise to state, or lessor, and one-half of the taxes, state, county, and city, during the continuance of this lease and its extension, and in consideration that the lessor will pay one-half of said taxes, it is agreed that should the lessee make a net profit of more than ten thousand dollars annually, during any one or more years, of this lease, the surplus above the ten thousand dollars shall be divided equally between the lessor and the lessees, and this is to be done whether the profit comes from the operation of the plant or from closing it down and not operating."

The only question presented for review not correctly determined by the Court of Civil Appeals is whether the foregoing provision of the contract is such as to create between the parties a partnership, or a liability as if partners, to defendant in error.

If it be true in all cases, as stated in Grace v. Smith, 2 W. Black. 998, that "every man who has a share of the profits of a trade ought also to bear his share of the loss," then defendant in error should recover against the ice company. This quotation from the old English case is but one of the many ways of stating what is known as the "net profit" rule in partnership. This case turns upon the applicability and soundness of the rule.

In 18 L. R. A. (N. S.) at page 1079, under subject note dealing with the part played by profit participation in the problem of partnership, it is stated that:

"It has now become an established rule of law that a mere participation in profits does not, of itself, make the participant a partner." Meehan v. Valentine, 145 U. S. 611, 12 Sup. Ct. 972, 36 L. Ed. 835, and cases from many states, including Beecher v. Bush, 45 Mich. 188, 7 N. W. 785, 40 Am. Rep. 465, frequently cited in this state, and the Texas cases (Connally v. Lyons, 82 Tex. 664, 18 S. W. 799, 27 Am. St. Rep. 935, H. & T. C. R. Co. v. McFadden, 91 Tex. 194, 40 S. W. 216, 42 S. W. 593, and Friedlander v. Hillcoat [Sup.] 14 S. W. 786), are cited in support of the statement.

See, also, the notable case of Eastman v. Clark, 53 N. H. 276, 16 Am. Rep. 192, cited by syllabus reference in Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7.

The net profit rule, broadly stated, has not found favor in the Supreme Court of this state. Judge Gaines points out in Buzard v. Bank, supra, that it was laid down in England as early as 1775, but overturned in Cox

v. Hickman, 8 R. C. L. 268. He adds that since that decision the rule has no longer been considered the law even there; and, further, that "the injustice of the rule that a mere participation in the profits should make one absolutely a partner in the business was so fully seen that legislation was deemed necessary."

Fouke v. Brengle, 51 S. W. 519, is the only Texas case in point upon the facts, to which we are cited, which applies the rule unqualifiedly.

Fouke rented to Culley two warehouses and fixtures and a team, wagon, and harness, for which he was to be paid $15 per month and a third of the profits of the business, if any, over and above the running expenses. The evidence did not otherwise connect Fouke with participation in the business. The plaintiff sought by the suit to bind Fouke as a partner with Culley. The court held that the stipulation for a share of the profits of the business as compensation for the use of the property made Fouke a partner. While expressing doubt as to the soundness of the rule, the court felt bound by the decision of Cothran v. Marmaduke, 60 Tex. 370, an affirmed case in which the decision was written by Judge Watts of the first Commission of Appeals.

The Cothran Case does not, in our opinion, support the proposition decided in the Fouke Case.

The facts are, briefly, that plaintiffs sought to recover against J. J. Cothran upon an account against the firm of J. & D. Caviness and J. J. Cothran, alleging that Cothran was a member of the firm. Cothran denied that he was a partner, and claimed that he had merely loaned the firm of J. & D. Caviness $400 for the purpose of buying cotton, wool, hides, etc., and that he was to have a portion of the profits made on the produce purchased, for the use of his money.

He did not testify that he agreed with J. & D. Caviness that they should repay him the money advanced, but that he looked to them to pay it back, and that they agreed to give him a portion of the profits as interest.

The case was submitted on a general charge. The plaintiffs recovered judgment, and Cothran appealed.

One paragraph of the charge was that if the defendant loaned or advanced money to J. & D. Caviness to be used in the purchase and sale of cotton, hides, etc., and was to receive a part of the profits of the business as a consideration for such loan or advance, he was a partner; but if, on the other hand, he was to receive a fixed sum of the profits of the business as a compensation for the use of his money, he was not a partner.

The charge does not in our opinion correctly state the law, and Judge Watts did not in terms give it his approval. He significantly states, at the close of the opinion, that there were no errors in the charge "*of which appellant can complain.*" (Italics ours.)

[1] We think, after a careful analysis of the opinion and a review of the cases in which it has been cited by the Supreme Court, that its real holdings may be thus summarized:

First. It is sufficient to constitute a partnership that the parties are to have a *community* of *interest* in the profits *as such.*

[2] Second. In determining the question of whether a partnership exists, the actual relation consequent upon the engagement of the parties will be looked to; and as to creditors the court will ordinarily apply the doctrine that the party who shares the profits must also share the liabilities, unless it appears that the parties intended and constituted a different relation, in effect excluding that of partnership.

We find that the opinion has been cited by the Supreme Court in support of the foregoing holdings only, variously stated.

Stevens v. Bank, 62 Tex. 499, a case not in point on the facts cites it in support of both.

The Buzard Case, supra, refers to it in connection with the agency test of partnership, and recognizes that such a test requires that the relation of the parties to each other and the business involved must be looked to in determining the issue. Judge Gaines doubtless recognized that the effect of the Cothran Case was not to approve the net profit rule inasmuch as he, in terms, disapproved the rule without reference to the case in that connection. In fact the agency rule test, as applied in the Buzard Case, is one of the recognized exceptions to the rule.

The case of Kelley, etc., v. Masterson, 100 Tex. 38, 93 S. W. 427, was certified because of the opinion in the Cothran Case, to ascertain whether the facts constituted Masterson a partner. It involved the putting of the credit and money of one party into an enterprise against the skill and service of others, by agreement. The Cothran Case was not in point, and doubtless for this reason is not referred to by Judge Brown in the opinion on certificate. However, he gives recognition to the rule that the relation of the parties to each other and to the business must be looked to in ascertaining whether they are partners, or liable as such, in the following statement:

"It is sufficient [to constitute one a partner] that his interest in the profits be not intended as a mere substitute for a commission, or in lieu of brokerage, *and that he be received into the association as a merchant and not an agent.*"

The Cothran Case is cited in Avery v. Llano, etc., Ass'n, 196 S. W. 351, in which writ of error was refused subsequent to the granting of the writ in this case. Regardless of whether it was correctly interpreted and applied, the determination of the proposition

to which it was cited was not necessary in disposing of the case, as appears from the statement of the Court of Civil Appeals that, independent of the conclusion reached, the testimony of appellants showed on agreement to share losses as well as profits.

Freeman, etc., Co. v. Hutting, 105 Tex. 560, 153 S. W. 122, Ann. Cas. 1916E, 446, is in point in principle. The question to be decided was whether the relation of Freeman to the business carried on, and to Yost and Sewell in respect thereto, was such as to constitute Freeman a partner with them as to creditors. He was held to be a partner as to two of the three classes of debts involved, by virtue of an implied agreement.

The opinion in this case contains the latest expression of the Supreme Court upon: First, how it is to be determined whether a partnership exists as to third persons; and, second, what is recognized in this state as a test of that relation.

Judge Phillips, speaking for the court upon the first point says:

"We now pass to the consideration of the question of whether Freeman became a partner with Yost and Sewell following his purchase of Campbell's interest in the firm, upon the decision of which depends that of his liability for the two other classes of debts sued on. A decision of the question requires, first, the ascertainment of their actual relation, and then the determination of whether a partnership was thereby constituted, giving effect to their intention, if possible, but having regard for the rule that parties may intend no partnership and yet form one."

Continuing, he says as to the second point:

"There existed by his tacit agreement a community of interests, the common enterprise, its operation for the joint account, and a right in the owner of each interest to share as a principal in its profits as such, which under the *established rule* in this state is a *recognized test* of the relation." (Italics ours.)

It appears from the cases referred to that the rule reluctantly followed in Fouke v. Brengle has not been followed by the Supreme Court; also from the foregoing excerpts that the Freeman Case furnishes the rule and test applicable in determining the issue of partnership as presented in this case.

[3] The lease contract furnishes the sole basis for ascertaining the relation between the plaintiffs in error, and it alone will be looked to in the absence of facts constituting an estoppel.

[4-6] It is clear from the provisions of the

215 S.W.—54

contract as a whole that the parties did not intend a partnership; that the relation was not created contrary to their intentions, unless the net profit stipulation of the contract, regardless of its other provisions, is sufficient for that purpose. In other words, unless the net profit rule, broadly stated, can be applied, plaintiffs in error were not partners.

One provision only of a contract cannot be taken and a presumption raised upon it at variance with the effect of its other provisions. Niehoff v. Dudley, 40 Ill. 406; Mehaffy v. Wilson (Ark.) 211 S. W. 148. The profit-sharing stipulation of clause 12 of the contract, standing alone, would be but presumptive evidence of a partnership relation. Kressler v. Bank, 21 Tex. Civ. App. 98, 51 S. W. 62; Roberts et al. v. Nunn, 169 S. W. 1086. Considered in connection with the other provisions of the contract showing that the relation of lessor and lessees was thereby intended and constituted, it is not sufficient to raise a presumption of partnership. In fact, the profit stipulation relied upon by defendant in error is merely a provision for further compensation as rental, agreed to by the lessees in consideration of the agreement of the lessor to pay the taxes specified.

The terms of the contract as a whole make it clear that the plaintiffs in error did not contemplate joining in a common business to be operated for their joint account, and in which they, as owners, each of an interest, would be entitled to share as principals in the profits, as such. This being true, they were not partners. Freeman v. Huttig; Cothran v. Marmaduke et al.; Buzard v. Bank, supra; Carhart v. Brown, 86 Tex. 425, 25 S. W. 415; Beecher v. Bush, 45 Mich. 188, 7 N. W. 785, 40 Am. Rep. 465; Austin v. Neil, 62 N. J. Law, 462, 41 Atl. 834; Elliott on Contracts, vol. 1, § 478; 20 R. C. L. 823, § 28.

We are of opinion that as to plaintiffs in error Fink and Smith the judgment of the Court of Civil Appeals should be so reformed as to affirm the judgment of the district court against them only, and that as to plaintiff in error El Paso Ice & Refrigerator Company the judgments of the district court and Court of Civil Appeals should be reversed and judgment rendered in its favor.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.