## ROARK v. HINSON.
### No. 2386.

Court of Civil Appeals of Texas. El Paso.
Jan. 30, 1930.

John Perkins, of Alpine, and Mead & Metcalfe, of Marfa, for appellant.

Van Sickle & Fisher, of Alpine, and J. R. Harper, of El Paso, for appellee.

HIGGINS, J.

Appellee sued G. M. Cox and I. C. Roark, alleging they were partners doing business under the name of Cox Motor Company. The suit was upon open account against such company. Sworn denial of the partnership was filed by Roark. Judgment was rendered in plaintiff's favor, from which Roark alone appeals.

The only evidence offered in support of the allegation of partnership is a written contract between the defendants, which reads:

"This agreement made and entered into on this 14th day of November, A. D. 1928, by and between G. M. Cox, party of the first part, and I. C. Roark, party of the second part, both parties of Brewster County, Texas, witnesseth:

"Whereas, the party of the first part is engaged in the automobile business, operating under the name and style of 'Cox Motor Company,' with its office in Alpine, Texas, and needs and is desirous of having party of the second part act as his Guarantor on his Floor Plan contract with the Commercial Investment Trust Corporation, of 809 Republic Bank Building, Dallas, Texas, ordinarily called the 'C. I. T.' Corporation and plan; and also desires to have party of the second part endorse paper for him at local banks in the City of Alpine, Texas, in amounts not to exceed ten thousand ($10,000.00) dollars: and

"Whereas, party of the second part has consented to so act as endorser and guarantor;

"Now, therefore, it is mutually agreed as follows:

"I. Party of the second part agrees to act and to become endorser in amounts not to exceed Ten Thousand ($10,000.00) Dollars on paper of party of the first part at local money loaning institutions in the City of Alpine, Texas, provided that said party of the first part meets said obligations as and when due and pays the interest on same promptly and in all things conducts his business in a workmanlike manner, party of the second part agreeing to act as a continuous endorser not exceeding said amount of ten thousand ($10,-000.00) dollars, or such part thereof as may be necessary as long as party of the first part does conduct his business in a workmanlike manner and does meet his obligations as and when due and does pay interest promptly as and when due.

"II. Party of the second part further agrees to become endorser for party of the first part on the C. I. T. Plan with the Commercial Investment Trust Corporation of Dallas, Texas, on a basis of what is known as the 'Floor Finance Plan,' for automobile dealers, agreeing to become such a Guarantor in an amount not exceeding ten thousand ($10,000.00) dollars at any one time, it being understood by the party of the second part and the agreement between the parties hereto, that such guaranteeing on the C. I. T. Plan is on New Cars alone purchased direct from the manufacturer and that at no time will party of the first part owe on the C. I. T. Plan more than 90% of the wholesale cost of said cars and that said cars so financed will at all times be held by the said C. I. T. Corporation as security for such money so advanced.

"III. Party of the first part agrees that as a consideration to party of the second part for his endorsement and guarantee that he will pay him one-half of the net profits derived from the conduct of the business known as 'Cox Motor Company' of Alpine and Marfa, Texas, such profits to be paid him once each year on the 31st, day of December of such year; and party of the first part agrees that he will at all times keep the records of said 'Cox Motor Company' in such condition that daily balances can be secured and that party of the second part shall have the privilege of access to such records at any and all times for the purpose of determining the condition of such business. Party of the first part also agrees to furnish to party of the second part a complete statement in writing of the business at any time he may request the same.

"IV. It is distinctly understood by and between the parties hereto that the party of the second part is not in any sense a partner in said business and compensation to party of the second part is compensation because of the specific things which he herein agrees to do; however, party of the first part does here now give to the party of the second part the option of becoming a full partner in said business at any time within one year from the date hereof by the said party of the second part paying into the business an amount equal to the actual cash which the party of the first part has invested in said business. Said investment to be determined as of the date when said party of the first part has invested in said business. Said investment to be determined as of the date when said party of the second part exercises his option, if he does so exercise same, to become such partner.

"V. It is mutually agreed between the parties hereto that this contract shall be in force and effect for a period of one year from this date and no longer unless extended by endorsement hereon by the respective parties hereto and providing that said contract may be terminated during said year should either party fail to carry out his part of the agreement herein, or by mutual consent.

"VI. Party of the first part guarantees to party of the second part that he will hold him harmless as to any liability that he may incur by reason of his contract of guaranty and endorsement."

This contract is wholly insufficient to establish a partnership between the defendants.

Upon its face it shows the parties did not intend to enter into such relationship. The only feature of the contract in any wise bearing upon the question is that provision obligating Cox to pay Roark one-half of the net profits of the business of the Cox Motor Company on December 31st of each year. The case is clearly ruled by Fink v. Brown (Tex. Com. App.) 215 S. W. 846, where the net profit doctrine as the test of a partnership is considered at length and the doctrine re-

jected. There is no occasion for this court to further discuss the doctrine. See, also, Eddingston v. Acom (Tex. Civ. App.) 259 S. W. 948, McDaniel v. State Fair (Tex. Civ. App.) 286 S. W. 513, and Lowry, etc., v. Bennett (Tex. Civ. App.) 16 S.W.(2d) 947, which follow Fink v. Brown.

Cox not having appealed, the judgment against him is not disturbed. As to Roark, it is reversed and rendered in his favor.