**SNODGRASS v. KELLEY et al.**

No. 10734.

Court of Civil Appeals of Texas.
San Antonio.

May 8, 1940.

Rehearing Denied June 12, 1940.

Brown & Bader and J. F. Carl, all of Edinburg, for appellant.

Kelley & Looney and L. C. McLean, all of Edinburg, and Strickland, Ewers & Wilkins, and R. D. Cox, Jr., all of Mission, for appellees.

SMITH, Chief Justice.

Appellant, Robert C. Snodgrass, instituted this suit in a district court of Hidalgo County, against A. A. Kelley, W. H. Braden, Ben King, Otto Woods, Tom Lovett and R. T. Funk, appellees herein, and R. A. Mitchell, J. W. Snodgrass and Lionel LaBorde, for the recovery of $25,275, alleged to be damages from personal injuries received by him while working as an alleged employee of appellees. The injuries were received by him while working on an oil well being drilled on a lease located in Starr County.

The trial court properly sustained a plea of privilege filed by Lionel LaBorde. Snodgrass v. Kelley, Tex.Civ.App., 118 S. W.2d 836. J. W. Snodgrass, father of the appellant, did not prosecute an appeal, and appellant took a nonsuit as to R. A. Mitchell at the close of the plaintiff's testimony.

Appellant predicates his right to recover against appellees on the theory that they had entered into a mining partnership with said R. A. Mitchell, and that his injuries were proximately caused by the negligent acts of Mitchell in furthering the business of the partnership.

Each of the appellees under oath denied the existence of the alleged partnership, and at the conclusion of the plaintiff's testimony the trial court granted the appellees' motion for an instructed verdict. Robert C. Snodgrass has appealed.

On December 21, 1934, Fidel Salinas and wife executed and delivered to R. A. Mitchell an oil and gas lease upon, and conveyance of the 7/8 mineral leasehold estate in, a tract of land in Starr County. Thereafter, on various dates, said lessee Mitchell sold and conveyed specified undivided working interests of said lessee "in and to said lease and all rights thereunder insofar as it covers the" leased premises, to various assignees, including appellees, J. W. Snodgrass, Kelley, Braden, King, Woods, Lovett and Funk, respectively, as well as Clyde Aylesworth and William Sturgeon, who were not impleaded in the case. The record shows that Lovett paid Mitchell, the lessee, $150 for his 1/16 interest; Funk and Aylesworth furnished Mitchell with fuel oil to be used in drilling the well in exchange for their interest; Wood and King paid Mitchell $150 for their 1/16 interest; Braden and Sturgeon paid Mitchell $150 for their 1/16 interest; Kelley traded Mitchell a truck to be used in connection with the drilling of the well for his interest, and J. W. Snodgrass was to work on the well for his interest.

Mitchell used his own machinery and machinery he rented in drilling the well in question. The money that he received from the sale of the various interests to the appellees was used by him in drilling the well. He also supplied the additional money needed in drilling the well. He had complete charge of all drilling operations and the employment of all the laborers, including the appellant. His assignees, appellees herein, did not contribute any money, supplies or labor towards the drilling of the well and exercised no control or supervision over it.

Appellant testified that he was employed by Mitchell, that he received all his orders and pay from Mitchell and that he did not know any of the appellees before the trial except Kelley. He received serious injuries while attempting to grease some of the machinery used by Mitchell in the drilling operations.

■ The appellees having denied under oath the existence of the partnership relation, the burden was upon the appellant to prove that they were members of a partnership. Bolding v. Camp et al., Tex. Com.App., 6 S.W.2d 94; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Cox et al. v. Bond et al., Tex.Civ.App., 91 S.W.2d 479.

■ Appellant rests his case upon the contention that appellees, as assignees of undivided interests in the lease owned by Mitchell, the lessee, were engaged in a joint adventure, or mining partnership, with Mitchell, and were therefore jointly liable for the torts committed in the operations of the partnership. We overrule the contention. 12 Tex.Law Rev. 410; 31 Tex.Jur. p. 1039, § 322; Lowry Oil Corp. v. Bennett, Tex. Civ.App., 16 S.W.2d 947; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104; Bolding v. Camp, Tex.Com.App., 6 S.W.2d 94; Dunigan etc., Co. v. Carroll, Tex.Civ.App.. 60 S.W.2d 296.

■ Appellant contends that the appellees participated in the drilling of the well because the money that was paid by some of them for their undivided interests in the leasehold estate was used by Mitchell in drilling the well; that Kelley had traded Mitchell a truck for his interest in the leasehold estate and that Mitchell had used such truck in connection with the drilling of the well; and that Funk furnished Mitchell with fuel to be used in drilling the well in exchange for his interest. We are of the opinion that it is immaterial what consideration each of the parties paid to Mitchell for his interest, and it is also immaterial what Mitchell did with the consideration after he received it. It was his. This point was decided in the case of Lowry Oil Corporation v. Bennett, supra, wherein the Court said [16 S.W.2d 949]:

"We conclude that since J. Lewis Jackson acquired a one-sixteenth interest in the lease in consideration for the hauling of the drilling rig for Ferguson, and did not agree to become liable for any part of the expense that might be incurred by Ferguson in the drilling of the well, but merely agreed to haul the rig in consideration of a transfer to him of one-sixteenth interest in the lease, and the agreement of Ferguson with him to put down the well to a depth of 1,600 feet, he likewise was not a partner with Ferguson in the drilling of the well, and therefore was not liable to the plaintiffs for the oil sold to Ferguson. The au-

thorities cited above we believe support this conclusion as to Jackson to the same extent as they are applicable to the defense of the Lowry Oil Corporation.

"With respect to the question of partnership growing out of that transaction, in principle, Jackson's relation to the development of the lease as a result of Ferguson's contract with him to convey him a one-sixteenth interest in it and to drill the well thereon, for the consideration of hauling the rig, was not different from that of the owner of land who conveys an interest therein in the way of an oil lease, and in consideration therefor the lessee agrees to develop the lease for oil and gas and to pay the lessor a one-sixteenth or some other portion of the oil, which, under authorities cited above, would not create a partnership relation between the lessor and lessee."

It is well settled in this State that mere ownership of an undivided interest in the 7/8 leasehold estate created by an oil and gas lease does not make one a mining partner with the others who own an interest in such leasehold estate. Bolding v. Camp et al., Tex.Com.App., 6 S.W. 2d 94; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104; Dunigan Tool & Supply Company v. Carroll et al., Tex.Civ.App., 60 S.W.2d 296.

It has also been held that the sharing in net profits of a mining adventure does not create a relation of a mining partnership. Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104; Lowry Oil Corporation v. Bennett et al., supra.

Appellant further contends that the appellees and Mitchell were joint owners of the leasehold estate and had agreed to jointly drill the well and were to share the profits from the production of oil, if any, and that the parties were mutual agents for each other. The question of mutual agency has little or no bearing on the issue of whether or not the partnership has been created. We are inclined to believe it is an incident that follows in the event the partnership was created rather than a fact to consider in determining the existence of such partnership. We are also of the opinion that the evidence in this case fails to show a joint ownership of the leasehold estate. The assignments clearly show that each party owned an undivided interest in the estate, but there is no evidence to show that they were joint owners of any portion of such leasehold estate. This distinction is clear and material. We are also of the opinion that the evidence fails to show a mutual undertaking of the drilling operations. The evidence is undisputed that Mitchell had absolute control of all drilling operations. There is no evidence to show that the appellees contributed any money, labor, or services toward the drilling of the well. As above stated, the only thing that they did was to purchase an undivided interest in the leasehold estate. We are also of the opinion that the evidence fails to show that any mutual sharing of profits was contemplated in Mitchell's drilling the well in question. Under the law as it now exists in this State each of the appellees was entitled to his undivided interest in the minerals and would also be entitled to the same if production was had. As co-tenants they would be entitled to receive their portion of the production, but it does not necessarily follow that they were to share in any profits made by Mitchell out of his undivided interest, if any profits were made by him. The profits, if any, made by him out of his leasehold estate would be his profit, and not one that he would have to share with someone else.

The principal holding herein seems to be more or less inconsistent with the opinion in the recent case of Sheffield v. Burch, Tex.Civ.App., 136 S.W.2d 252, in which writ of error has been granted by our Supreme Court, upon the ground that "we are inclined to the view that the record shows no mining partnership."

We are of the opinion that the record does not show that appellees entered into a mining partnership with Mitchell, and for such reason the judgment will be affirmed.

NORVELL, J., disqualified and not sitting.