**R. L. DILLARD, Appellant,**

v.

**John Chatmas WHOLESALE, Appellee.**

No. 3329.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1956.

Dodson & Reagan, Marlin, for appellant.

T. B. Bartlett, Sr., Melvin Handelman, Prentice Oltorf, Marlin, for appellee.

McDONALD, Chief Justice.

This was a suit for debt brought by John Chatmas Wholesale against Kats Liquor Store and its former owners and operators, who transacted business in that name, viz.: C. T. Denard, M. W. Koukas, and R. L. Dillard; and against Pat Rogas, who purchased Kats Liquor Store from R. L. Dillard. The case was tried before the court without a jury, which rendered judgment for plaintiff against Kats Liquor Store, and its owners and operators in succession, viz.: C. T. Denard, M. W. Koukas, and R. L. Dillard, and against Pat Rogas as purchas-

er of the goods and merchandise from R. L. Dillard, jointly and severally, for $329.46; and the court further ordered that as among the defendants themselves, the primary liability for such recovery is that of defendant R. L. Dillard, and that execution first issue against him, and in case defendants Denard or Koukas be required to pay this judgment they shall have judgment against R. L. Dillard for the amounts paid by them.

The trial court found: 1) that at the time the indebtedness sued on by plaintiff was incurred that Kats Liquor Store was a partnership belonging to Denard, Koukas, and Dillard, and that 2) thereafter about September 1953 there was a dissolution of the partnership and Denard ceased to be a partner, and that 3) thereafter Koukas and Dillard operated the business as a partnership and became liable for such indebtedness. 4) Thereafter in March 1954 there was a dissolution of the partnership of Koukas and Dillard, and Dillard took over exclusive dominion and control of the business. 5) In April 1954 Dillard sold the business to Rogas with the understanding that he would be protected against any debts of the business, but as to plaintiff there was no compliance with the Bulk Sales Law.

Defendant R. L. Dillard alone appeals from the foregoing judgment and assigns as error: 1) The trial court erred in finding that at the time the debt sued on was incurred that Dillard was a partner with Denard and Koukas. 2) The trial court erred in finding, that when a new partnership was formed between Dillard and Koukas after Denard left the business, that Dillard became liable under the Bulk Sales Law for the indebtedness that accrued while Denard and Koukas were operating the business. 3) The trial court erred in finding Dillard became primarily liable for the debt as between himself and the other defendants.

A statement is necessary.

On 15 November 1951 Denard and Koukas entered into a contract with Dillard whereby Dillard loaned Denard and Koukas the money to purchase the Kats Liquor Store. This contract provided for repayment by Denard and Koukas of the money borrowed to Dillard and provided that Dillard should share in the profits of the store. Denard and Koukas further signed a note payable to Dillard for the money borrowed, and executed a chattel mortgage on the Liquor Store and its contents to secure payment of same. The mortgage provided, among other things, that upon default of the note, or if Dillard at any time *"felt unsafe or insecure from any cause"*, he was authorized to declare the indebtedness due and take actual possession of the property and sell same at private or public sale.

After purchasing the liquor store with Dillard's money and pursuant to the above contract, Denard and Koukas commenced operation of same, and during 1951 and 1952 purchased cigars, cigarettes and candies from plaintiff on a credit on open account in the amount of $389.89 (which sum represents the amount plaintiff sued for less certain credits).

About September 1953 Denard voluntarily got out of the business and signed a release, releasing the business to Dillard and Koukas. At this point Dillard and Koukas formed a new partnership. There was no compliance with the Bulk Sales Law in connection with this change in status. The evidence reflects that Dillard knew of the debt due to plaintiff. The business continued in operation as before, and in January $25 was paid to plaintiff on the debt and in March 1954, $25 was paid to plaintiff on the debt (and during which time Dillard and Koukas were partners).

In April 1954 Koukas took a trip out of the state and while he was gone Dillard sent him a telegram that he need not hurry back as he, Dillard, was closing the store. Koukas came home on receiving the telegram and went to the store. Dillard told Koukas to hand over his key as he was kicking him out. Koukas handed over his key to Dillard. Dillard operated the store himself for a time and thereafter sold the store to Rogas.

Defendant's first point is that the trial court erred in finding that at the time the debt sued for was incurred that Dillard was a partner with Denard and Koukas.

The only evidence that Dillard was in fact a partner of Denard and Koukas is contained in his agreement with them dated 15 November 1951, and which provided that he would lend them the money to buy Kats Liquor Store—and that until such loan was repaid he would participate in the profits of the business. There is no evidence that Dillard ever exercised any control over the business until after Denard left the business—or any other evidence of any character upon which to predicate a finding that Dillard was a partner prior to Denard's leaving the business. The rule is stated by the Commission of Appeals and adopted by the Supreme Court in Fink v. Brown, Tex.Com.App., 215 S.W. 846, and is: The participation in the profits of itself does not constitute one a partner in a business, but in order to become a partner they must have the right to exercise some character of control over the business. Such rule is applicable to the case at bar, and for such reason defendant's first point must be sustained.

Defendant's second point contends that the trial court erred in finding that when a new partnership was formed between Dillard and Koukas, after Denard left the business, that Dillard became liable under the Bulk Sales Law for the indebtedness that had accrued while Denard and Koukas were operating the business.

Dillard contends that he felt insecure under his mortgage and that he "took over" under his mortgage, with the idea of foreclosing it and selling the business—and is hence not liable for debts previously incurred by the business. But the undisputed evidence, including Dillard's own testimony, reflects that instead of foreclosing the mortgage and selling the business, Dillard secured a release from Denard of his interest in the business and then proceeded to enter into a new partnership arrangement with Koukas. In taking over Denard's interest and entering into the new partnership arrangement with Koukas without compliance with the Bulk Sales Law, Dillard became liable under the provisions of Article 4001 R.C.S. Further, Dillard and Koukas operated the business as partners from September 1953 until April 1954, and operated the business during this period much as it had been in the past. In fact, during this period $50 was paid by the partnership of Dillard & Koukas to plaintiff on plaintiff's account. Such a course of action, we think, authorized the trial court to find under all the facts and circumstances that Dillard and Koukas became liable for debts of the business which existed at the time Dillard came into the business.

We therefore overrule defendant's second contention and hold that Dillard is liable as a partner with Koukas for the plaintiff's debt.

This brings us to a consideration of defendant's third point, which complains of the trial court's action in holding Dillard primarily liable for plaintiff's debt as between himself and the other defendants.

The record reflects that without reference to whether Dillard could legally kick Koukas out of the partnership or not, he did so, and thereafter operated the business entirely himself until he sold to Rogas, buying and selling goods just as before. After Dillard excluded Koukas from any work or interest in the business Koukas did not have any control; if the business made anything it went to Dillard. Dillard operated in a manner which may be described as "fast and loose,"—and while at law a partner may not expel another partner,—Dillard in effect did just this. He denied Koukas any right to the assets of the business; sold the business and has kept the proceeds. In keeping the assets of the business for himself in the manner that he did the trial court, in the exercise of its equitable power, decreed that as between the defendants, he likewise acquired for himself *primary* responsibility for the liabilities of the business as evidenced by

the debt due plaintiff. We do not believe that under the record made the trial court abused its discretion.

From what has been said it follows that the judgment of the trial court is affirmed.