Allene **ROBERTS** et al., Appellants,

v.

E. Hastings **ACKLEY** et al., Appellees.

No. 4490.

Court of Civil Appeals of Texas.

Waco.

Aug. 4, 1966.

Rehearing Denied Aug. 25, 1966.

Warwick H. Jenkins, Richard J. Jones, Waxahachie, for appellants.

Strasburger, Price, Kelton, Miller & Martin, A. D. Bynum, Dallas, for appellees.

**794**

WILSON, Justice.

Defendant's plea of privilege in this automobile personal injury action was sustained. Plaintiffs' chief contention is that the defendants, landlord and tenant, were engaged in a joint enterprise so that the alleged negligence of the driver of a tractor which collided with plaintiffs is imputed to the non-resident defendant.

The non-resident defendant was the owner of farm land; the resident defendant worked the land, and had done so for thirty years. Their oral share-crop agreement was that the tenant would perform all work and the landlord would receive one-third of the grain and one-fourth of the cotton produced on the land as rent. The driver of the tractor which collided with plaintiffs' car was employed and paid by the tenant. At the time of the accident he was hauling the tenant's feed to the tenant's house to feed the tenant's cows, driving the tenant's tractor, according to the only evidence in the record. There is nothing of probative force to indicate the relationship was other than that of the typical "third and fourth" share-crop arrangement.

This relationship is not one of joint enterprise or partnership, Ogus, Babinovich & Ogus Co. v. Foley Bros. Dry Goods Co., Tex.Com.App., 252 S.W. 1048, 1051 ; Fink v. Brown, Tex.Com.App., 215 S.W. 846; Johnson v. Murray Co., Tex.Civ.App., 90 S.W.2d 920, 923, writ dism.; Texas Produce Exchange v. Sorrell, Tex.Civ.App., 168 S.W. 74, 76, and cases cited, so as to make the negligence of the tractor driver imputable to the land owner. There is also nothing to show the parties agreed to share losses. See Brown v. Cole, 164 Tex. 624, 291 S.W.2d 704, syl. 9, 59 A.L.R.2d 1011.

In our opinion the trial court correctly sustained the plea of privilege of the non-resident defendant. Appellants' points are overruled. Affirmed.