James R. (Bob) JENKINS, Appellant,

v.

BRODNAX WHITE TRUCK COMPANY, Inc., Appellee.

No. 409.

Court of Civil Appeals of Texas.

Tyler.

Feb. 13, 1969.

Fields, Fields & Hardee, Jack Y. Hardee, Athens, for appellant.

Willis Jarrel, Tyler, for appellee.

MOORE, Justice.

This is an appeal by James R. Jenkins from an order overruling a plea of privilege. Plaintiff, Brodnax White Truck Company, Inc., instituted this suit in the District Court of Smith County, Texas, against defendants, James R. Jenkins and Joe Lewis, to recover upon an open account in the sum of $1,304.48 for labor and parts in the repair of a truck, and for $600.00 attorney's fees. Plaintiff also sought to foreclose its

constitutional lien upon the truck for such repairs. Plaintiff alleged in its petition that Jenkins and Lewis operated the truck as a partnership and that Jenkins was jointly liable with Lewis upon a written agreement executed by Lewis agreeing to pay the account in Smith County.

Joe Lewis did not answer. Defendant, James R. Jenkins, filed a plea of privilege seeking to have the cause transferred to Anderson County, Texas, the county of his residence. Plaintiff controverted the plea, alleging that venue was maintainable in Smith County under Subsections 5 and 29a, Article 1995, Vernon's Ann.Tex.Civ.St. The plaintiff's controverting affidavit alleged, in effect, that Jenkins' plea of privilege was not good because Lewis and Jenkins were partners in the trucking business and that since Lewis had executed a written promise to pay the account in Smith County, Jenkins was likewise bound by such instrument, and therefore venue was properly made under Subdivision 5 of the Venue Statute, supra. It was further alleged that in any event, Jenkins was properly sued in Smith County under Subsection 29a of the Venue Statute, because he and Lewis purchased the truck together and since plaintiff is seeking to foreclose its constitutional lien, Jenkins is a necessary party to the suit and is therefore subject to Subsection 29a, supra, providing that when suit is brought in any county in the state against two or more defendants and such suit is lawfully maintainable under the provisions of Article 1995 as to any of such defendants, then, it may also be maintainable in such county against any and all necessary parties thereto.

After a hearing, the trial judge overruled the plea of privilege and Jenkins prosecuted this appeal.

Appellant, James R. Jenkins, denied under oath that he was a partner with Joe Lewis in accordance with Rule 93, Texas Rules of Civil Procedure. Although appellee's suit was upon an open account, as distinguished from a sworn account, Jenkins denied the justness of the account under oath in accordance with Rule 93, supra.

Appellant Jenkins seeks a reversal of the judgment on the ground that the undisputed proof shows that he was not a partner of Joe Lewis and therefore was not bound by the written agreement to pay for the repairs in Smith County and also on the ground that he was not the owner or co-owner of the truck and therefore was not a necessary party in a proceeding to foreclose the constitutional lien.

When viewed in a light most favorable to the judgment, the evidence shows that appellant Jenkins was employed by Calhoun Packing Company and as a part of his duties, he had charge of transporting cattle to the packing plant in Palestine, Texas, from various points throughout the nation. In connection with his employment, he also acted as an independent contractor in transporting the cattle to the packing company. The cattle were transported by trailer trucks. Jenkins owned in excess of 30 cattle trailers and leased the truck-tractors to pull the trailers from various individuals, including the defendant, Joe Lewis, under a written lease agreement. While the lease agreement was not offered in evidence, it is undisputed that Jenkins leased the truck in question from Lewis. Under the terms of the agreement, Jenkins was to furnish the trailer, secure the orders for the hauling, and pay the public liability insurance. Lewis was to drive the truck himself or secure a driver for the same and proceed to the various destinations designated by Jenkins and pick up the cattle and deliver them to the packing company in Palestine. Lewis agreed to pay for all repairs, tires, gasoline and comprehensive collision insurance on the truck-tractor. The gross income from the operation was divided with Jenkins receiving 30% and Lewis 70%. Under the terms of the agreement, Jenkins had exclusive control over the entire operation. Jenkins kept books on the operation and collected all money due for the hauling. On

some occasions, Lewis would buy tires from Jenkins which would be charged against his account. On other occasions he would buy gasoline and draw a draft on the Jenkins trucking account in payment therefor, which would subsequently be charged to his account. After the parties had operated under this agreement for about a year, Lewis commenced negotiating with Brodnax White Truck Company in Tyler, Smith County, Texas, to trade for a new truck. Brodnax required a down payment of approximately $2,500.00 and advised him that he would have to have a co-signer on the chattel mortgage. At that time, Lewis' account contained approximately $1,000.00, and he was unable to make the payment. Lewis and a representative of Brodnax called on Jenkins to see if he would advance the extra $1,500.00 and co-sign the chattel mortgage. Jenkins agreed to advance Lewis $1,500.00 and also agreed to co-sign the chattel mortgage. He advised the Brodnax representative to draw a draft on his account for such amount. He also signed the chattel mortgage which recited the words "Co-Owner" immediately after his signature. After the purchase of the new truck, the parties continued to operate under the same lease agreement as hereinabove stated. Subsequently, the truck was involved in a collision and Lewis returned it to Brodnax for repairs, which forms the basis of this suit. At the request of Brodnax, Lewis signed a written instrument agreeing to pay for the repairs in Smith County. Jenkins did not sign the agreement. When the repairs were completed, Brodnax presented Lewis a bill for $1,304.48, including certain repairs which Lewis had secured upon a previous occasion and had not paid. He was unable to pay the account. He testified that he contacted Jenkins and that Jenkins advised him to draw drafts against his account for the repair bills, as well as the sum of $500.00 due by reason of the deductible clause in the policy of the insurance. The evidence shows that he drew three drafts on Jenkins' account, paying the bills in full, and took possession of the truck. When the drafts were presented for payment, Jenkins refused payment. Jenkins denied that he authorized the drafts and testified that the reason they were turned down was because Lewis had no funds to his credit in the trucking account. Lewis admitted that he did not have sufficient funds to his credit and that had the drafts been paid, he would have owed Jenkins the sum of $1,304.48.

There is nothing in the record showing that Jenkins had ever previously authorized Lewis to draw drafts in payment of Brodnax accounts, or that Jenkins ever had any previous business dealings with Brodnax prior to the time of the repairs other than to advance a portion of the purchase price of the truck and sign the chattel mortgage.

Both Lewis and Jenkins testified that their entire agreement was contained in the lease agreement and that there was no partnership agreement as such. There is no evidence that the parties agreed to share the losses, if any.

Appellee does not seek to predicate liability against Jenkins upon the theory that Lewis contracted for the repairs as his agent, but rather seeks to impose liability on Jenkins because of the alleged partnership. We have concluded that the relationship between Lewis and Jenkins was not one of partnership.

It has been said that no single fact may be stated as a complete and final test of partnership. Each case must rest on its own particular facts and the presence or the absence of the usual attributes of a partnership relation. Davis v. Gilmore (Tex.Civ.App.), 244 S.W.2d 671. The tests usually applied to determine the relationship in law are: By their agreement, was there a community of interest between them? Was the business a common enterprise? Was it operated for the joint account with the right in the owner of each interest to share as a principal in its profits as such? Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122; Fink v. Brown (Tex.Com.App.), 215 S.W. 846; Ogus, Rabinovich & Ogus Co. v. Foley

Bros. Dry Goods Co. (Tex.Com.App.), 252 S.W. 1048.

A partnership does not exist unless each of the foregoing elements is established by the evidence. In order to satisfy the foregoing test, there must be a sharing of the profits. In other words, the proof must show that the parties intended joint ownership in the profits as such, and not merely as a guide to determine the compensation due one of the partners. Mangum v. Turner (Tex.Civ.App.), 142 S.W.2d 951, citing cases. The authorities uniformly hold that where the rental or consideration for a lease is based upon compensation out of the net profits, or on percentage of sales of a leased business, no joint enterprise or partnership is created, but that only the relation of landlord and tenant is created. Johnson v. Murray Co. (Tex.Civ.App.), 90 S.W.2d 920, citing Fink v. Brown, supra, and Ogus, Rabinovich & Ogus Co. v. Foley Bros. Dry Goods Co., supra.

It is also held that the mere participation of two persons in the gross receipts of an enterprise in which their capital, skill and labor may be combined, cannot of itself make them partners. To constitute a partnership, the parties in the business or transaction must be entitled to share in the net profits. It is not sufficient that they participate in the "gross profits" as they are sometimes called. Buzard v. First National Bank, 67 Tex. 83, 2 S.W. 54; Houston & T. C. R. Co. v. McFadden, 91 Tex. 194, 42 S.W. 593; 131 A.L.R. 508, 536.

It is apparent to us that neither Lewis nor Jenkins contemplated joint ownership of the profits as such. On the contrary, their agreement, as well as all the other facts and circumstances, indicated that they merely intended to share in the gross receipts and merely used such division as a guide to determine the compensation due each of them.

There being no showing that the parties agreed to divide the profits, as such, there is an absence of one of the necessary elements of partnership, and as a result, the evidence falls short of that required to establish a partnership. Since no partnership existed and since it is undisputed that Jenkins did not execute the instrument agreeing to pay for the repairs in Smith County, Subdivision 5 of the Venue Statute affords no basis for maintaining venue in Smith County.

Nor does the fact that appellee sought to foreclose a constitutional lien on the truck afford any basis for maintaining the suit against Jenkins in Smith County. The evidence shows without dispute that Jenkins did not own the truck or claim any interest therein. While there is evidence showing that he signed the chattel mortgage reciting that he was the co-owner and advanced Lewis a portion of the funds for the purchase price, the agent of Brodnax knew that he did serve merely as an accommodation for Lewis. The undisputed testimony of both Lewis and Jenkins shows that Lewis was the sole owner of the truck and that the certificate of title to the truck was issued to Lewis.

The mere fact that Jenkins had a lease contract with Lewis is not sufficient to make him a necessary party to the suit for foreclosure of the constitutional lien. Texas Builders' Supply Co. v. Beaumont Const. Co. (Tex.Civ.App.), 150 S.W. 770; Johnson v. First Nat. Bank of Brenham (Tex.Civ.App.), 42 S.W.2d 870; Northern Illinois Finance Corporation v. Sheridan, (Tex.Civ.App.) 141 S.W.2d 434. Subsection 29a, supra, would not therefore afford any basis for maintaining venue in Smith County.

It follows from what we have said that the trial court erred in overruling the appellant's plea of privilege.

Accordingly, the judgment of the trial court will be reversed and judgment here entered directing that the cause of action as it relates to appellant, James R. Jenkins, be transferred to the District Court of Anderson County in keeping with Rule 89, Texas Rules of Civil Procedure.