**Gary L. NICKELSON, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

**No. 12717.**

Court of Civil Appeals of Texas, Austin.

May 17, 1978.

---

Tom L. Larimore, Walker, Bishop & Larimore, Fort Worth, for appellant.

John L. Hill, Atty. Gen., Gayle Johnson Cipriano, Asst. Atty. Gen., Austin, for appellees.

SHANNON, Justice.

The State of Texas sued William H. Lewis and appellant Gary L. Nickelson in the district court of Travis County for sums claimed to be owed as contributions to the Unemployment Compensation Fund for the last two quarters of 1974 and the first quarter of 1975. Tex.Rev.Civ.Stat.Ann. art. 5221b -1, *et seq.* (1971). Upon trial to the court, judgment was entered for the State. We will reverse that judgment.

The State pleaded that Nickelson and Lewis were partners in a dry cleaning business in Fort Worth, known as University Cleaners. Nickelson specially denied that he and Lewis were ever partners in the business. Lewis filed an answer but did not appear at trial. Nickelson, to the contrary, appeared and contested the State's case.

The question before the court was whether Nickelson was a partner in the cleaning business during the period of time in question. If Nickelson were a partner, he was liable for unemployment taxes. The district court entered judgment against Lewis and Nickelson, jointly and severally, for $695.46. By entry of the judgment, the court necessarily concluded that Nickelson was a partner in the cleaning business.

Nickelson claims there was no evidence to support the determination that he was a partner in the business. The State's only evidence was a document entitled "Joint Application for Total Transfer of Compensation Experience." That document is copied below:

C-96 (956)
TEXAS EMPLOYMENT COMMISSION
AUSTIN, TEXAS

5222&9

## JOINT APPLICATION FOR TOTAL TRANSFER OF COMPENSATION EXPERIENCE

1. Name of Successor Employer (New Owner): __University Cleaners__

2. Name of Predecessor Employer (Previous Owner): __William H. Lewis__
   #483,518

3. The successor employer named in Item 1, having become an employer under Subsection 19(f)(2) of the Texas Unemployment Compensation Act by acquiring all of the organization, trade, or business of the predecessor employer named in Item 2, does hereby jointly with said predecessor employer make application to the Texas Employment Commission under the provisions of Subsection 7(c)(7) of the Texas Unemployment Compensation Act for the compensation experience of said predecessor to be treated as compensation experience of said successor.

4. The successor (new owner) acquired all of the organization, trade, or business of the predecessor on __August 1,__ 19 __74__, and immediately after such acquisition, the successor employer continued operation of substantially the same organization, trade, or business which was acquired from the predecessor employer.

5. WAIVER OF PREDECESSOR'S RIGHTS: The predecessor employer does hereby forever waive his rights to an experience rating based on his compensation experience for all periods prior to the acquisition date and this Joint Application is filed to cause all of the compensation experience of the predecessor to be treated as compensation experience of the successor.

6. STATE OF TEXAS )
   COUNTY OF __Tarrant__ )

I hereby solemnly swear that the statements made and the information given with respect to the predecessor employer in this Joint Application for Total Transfer of Compensation Experience are true and correct and that I execute the above waiver with full knowledge of its effect.

x _William H. Lewis_
(Predecessor's Signature: owner, partner, or officer)

Sworn to and subscribed before me on this ____ day of _September_ 19 __74__

_Mary R. Malone_

Notary Public _Tarrant_ County, Texas
MARY R. MALONE, Notary Public
IN AND FOR TARRANT COUNTY, TEXAS
MY COMMISSION EXPIRES JUNE 1, 1975

7. STATE OF TEXAS )
   COUNTY OF )

I hereby solemnly swear that the statements made and the information given with respect to the successor employing unit in this Joint Application for Total Transfer of Compensation Experience are true and correct.

x _Gary L. Nickelson_
(Successor's Signature: owner, partner, or officer)

Sworn to and subscribed before me on this ____ day of _September_ 19 __74__

6/15/77 C.O. _Mary R. Malone_

Plaintiff's Ex 3   Notary Public _Tarrant_ County, Texas

IMPORTANT NOTICE   MARY R. MALONE, Notary Public

Please read carefully Item 5 of this application regarding "Waiver..."

approved 3-7-75

Texas Rev.Civ.Stat.Ann. art. 6132b § 6(1) (1970) defines "partnership" as an association of two or more persons to carry on as co-owners a business for profit. Part-ownership does not of itself establish a partnership. Tex.Rev.Civ.Stat.Ann. art. 6132b § 7(2) (1970).

As the State pleaded partnership, it had the burden of producing evidence that University Cleaners was operated as a partnership by Nickelson and Lewis. *Holman v. Dow,* 467 S.W.2d 547 (Tex.Civ.App. 1971, writ ref'd n.r.e.). The State could discharge its burden by proving that Nickelson and Lewis operated a common enterprise for their joint benefit. *Jenkins v. Brodnax White Truck Co.,* 437 S.W.2d 922 (Tex.Civ.App.1969, no writ).

The terms of the "Joint Application" show that Lewis relinquished all control over University Cleaners on August 1, 1974. The document does not prove that Lewis was a partner with Nickelson before August 1, 1974, nor does it show Nickelson was a partner with anyone after August 1, 1974. By definition Nickelson could not be a partner with himself. Tex.Rev.Civ.Stat.Ann. art. 6132b § 6(1).

Nickelson introduced an assumed name certificate that Lewis filed in the Tarrant County clerk's office on August 1, 1974. The certificate states that Lewis is the owner of University Cleaners. The certificate is some evidence that Lewis owned the business on August 1, 1974. The certificate of course contradicts the terms of the "Joint Application." Nevertheless, neither instrument is proof that Nickelson was in *partnership* with Lewis after August 1, 1974.

The judgment is reversed and judgment is here rendered that the State take nothing.